IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DANIEL NOTESTEIN, <br> BLOCKTRADES INTERNATIONAL, LTD., <br> ANDREW CHANEY, <br> SZYMON LAPINSKI, <br> ADAM DODSON, <br> ELMER LIN, <br> DANIEL HENSLEY, <br> MICHAEL WOLF, <br> MATHIEU GAGNON, and <br> MARTIN LEES <br><br>             Plaintiffs <br><br> v. <br><br> BITTREX, INC., <br> and <br> J. DOE <br><br>             Defendants | Civil Action No.: 7:20CV00342 |

**COMPLAINT**

**I. Parties and Jurisdiction**

1. Plaintiff Daniel Notestein is an individual who resides in the Western District of Virginia, at 605 Alleghany Street, Blacksburg, Virginia, 24065. Daniel Notestein is the President of Plaintiff BlockTrades International, Ltd.

2. Plaintiff BlockTrades International, Ltd. is a registered company in the Cayman Islands.

3. Plaintiff Andrew Chaney is an individual who resides in Baton Rouge, Louisiana.

4. Plaintiff Szymon Lapinski is an individual who resides in Poland.

5. Plaintiff Adam Dodson is an individual who resides in Australia.

6. Plaintiff Elmer Lin is an individual who resides in the United Kingdom.

7. Plaintiff Daniel Hensley is an individual who resides in Mexico.

8. Plaintiff Michael Wolf is an individual who resides in Germany.

9. Plaintiff Mathieu Gagnon is an individual who resides in Canada.

10. Plaintiff Martin Lees is an individual who resides in France.

11. Defendant Bittrex, Inc. is a Delaware corporation whose primary place of business is 800 Fifth Avenue, Suite 4100, Seattle, Washington. Bittrex, Inc. is licensed in Virginia as a Money Order Seller and Money Transmitter, transacts business in Virginia, and is subject to *in personam* jurisdiction of this Court.

12. The identity of Defendant(s) J. Doe is/are unknown to the Plaintiffs; however, their identity is known to Defendant Bittrex, Inc.

13. The amount in controversy is in excess of $75,000.00.

14. This Court has jurisdiction pursuant to 28 U.S.C. §1332.

**II. Statement of Claim**

15. Plaintiffs are the owners of a number of cryptocurrency accounts for a currency known as "Steem". The software for the Steem cryptocurrency was originally developed by a corporation called Steemit. On or about February of 2020, Steemit was purchased by TRON, a cryptocurrency platform.

16. The purchase of Steemit by TRON was controversial in the cryptocurrency community, and a number of account owners objected. On May 20, 2020, in retribution for the objections, Steemit transferred the Steem in sixty five accounts to a single Steem account called "community321". The "community321" account was created by a company called AnonSteem. AnonSteem is a company that allows users to create accounts without revealing their identity.

17. On the same day of May 20, 2020, the Steem was transferred from the

"community321" account to a Steem account owned by Bittrex, Inc. The transfer was accompanied by a request to return the Steem to their "original owners"; however, no information was provided to identify those owners.

18. Beginning May 20, 2020, Plaintiffs have provided Bittrex, Inc. with all requested information regarding ownership of the original Steem accounts. Documentation in full was complete as of May 21, 2020.

19. In spite of their receipt of proof of ownership, Bittrex, Inc. has refused to release the Steem to their rightful owners. Bittrex, Inc. stated its intent to release the Steem only (a) pursuant to a final order of a court; (b) an order from law enforcement, or (c) a notarized agreement signed by all parties exerting a claim on the Steem.

20. Bittrex, Inc. has refused to identify any other parties exerting claims on the Steem. It will only identify a claimant with permission of that claimant. Although Plaintiffs have given permission to release their identities, Bittrex, Inc. refuses to tell Plaintiffs if any other party is in fact making a claim.

21. Bittrex, Inc. has not informed Plaintiffs of any claim it may have to ownership of the Steem. In fact, Bittrex, Inc. appears to deny any such claim.

22. J. Doe(s) may be another party/parties making a claim of right to Plaintiffs' Steem.

23. In significant part due to the controversial purchase of Steemit by TRON, the value of Steem has plummeted. The Steem owned by the plaintiffs collectively have decreased in value by approximately twenty five percent between May 20, 2020 and June 10, 2020, for a total loss to Plaintiffs in excess of $3,000,000.00.

## COUNT I – INJUNCTIVE RELIEF

24. The Plaintiffs incorporate by reference their allegations in Paragraphs one through twenty three above.

25. The refusal of Bittrex, Inc. to release the Steem or to identify other parties who have made claims against the Steem forces the Plaintiffs to maintain a rapidly devaluing currency and denies them the opportunity to minimize their losses. The actions of Bittrex, Inc., in withholding both the information and the property, have already resulted in a significant financial loss to the Plaintiffs.

26. Plaintiffs request an injunction compelling Bittrex, Inc. to release the Steem to their designated accounts immediately. In the alternative, the Court should grant an injunction compelling immediate release of the identities of J. Doe(s) and any other necessary parties to this Action.

## COUNT II – BREACH OF BAILMENT

27. The Plaintiffs incorporate by reference their allegations in Paragraphs one through twenty three above.

28. The refusal of Bittrex, Inc. to release the Steem or to identify other parties who have made claims against the Steem constitutes intentional or wrongful breach of a bailment. The actions of Bittrex, Inc. have caused significant financial loss to the Plaintiffs.

## COUNT III - CONVERSION

29. The Plaintiffs incorporate by reference their allegations in Paragraphs one through twenty three above.

30. The actions of both Defendants, both jointly and severally, in exercising or assuming authority over the property of the Plaintiffs, constitute wrongful conversion. The actions of the Defendants have caused significant financial loss to the Plaintiffs.

31.   The actions of the Defendants were intentional and/or malicious, and it showed willful and wanton disregard for the property of the Plaintiffs. Accordingly, punitive damages are appropriate.

## COUNT IV – INJURY TO BUSINESS OR TRADE

32.   The Plaintiffs incorporate by reference their allegations in paragraphs one through twenty three above.

33.   The conduct of the Defendants, either jointly or in concert with others, caused injury to the Plaintiffs in their business or trade, including significant financial loss.

34.   Pursuant to Va. Code Ann. § 18.2-500, Plaintiffs are entitled to treble damages, attorneys' fees, as well as their costs. Furthermore, Plaintiffs are entitled to injunctive relief.

WHEREFORE, the Plaintiffs pray this Court promptly enter an injunction commanding Defendant Bittrex, Inc. to immediately release their Steem or, in the alternative to immediately identify in full any party making a claim to such Steem and to ultimately order the release of their Steem; that the Court enter judgment in their favor against the defendants in the amount of $11,000,000.00, jointly and severally, including treble damages for their losses and lost profits, plus interest; plus $350,000.00 punitive damages for each Plaintiff, plus interest, for the defendants' conduct; and that the Plaintiffs recover their costs, expenses and reasonable attorneys' fees.

Respectfully submitted this 16th day of June, 2020,

             DANIEL NOTESTEIN
             BLOCKTRADES INTERNATIONAL, LTD.
             ANDREW CHANEY
             SZYMON LAPINSKI
             ADAM DODSON
             ELMER LIN
             DANIEL HENSLEY
             MICHAEL WOLF
             MATHIEU GAGNON
             MARTIN LEES


            By: __s/Michelle C. F. Derrico_____
              Of Counsel


Michelle C. F. Derrico, Esq. (VSB 34037)
Richard L. Derrico, Esq. (VSB 33442)
Copenhaver, Ellett & Derrico
30 Franklin Road, SW, Suite 200
Roanoke, VA  24011
(540) 343-9349
(540) 342-9258 facsimile
michelle@cecd.roacoxmail.com
rick@cecd.roacoxmail.com
   Counsel for the Plaintiffs