IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DANIEL NOTESTEIN, | ) |
| BLOCKTRADES INTERNATIONAL, LTD., | ) |
| ANDREW CHANEY, | ) |
| SZYMON LAPINSKI, | ) |
| ADAM DODSON, | ) |
| ELMER LIN, | ) |
| DANIEL HENSLEY, | ) |
| MICHAEL WOLF, | ) |
| MATHIEU GAGNON, and | ) |
| MARTIN LEES | ) |
| | ) |
| Plaintiffs | ) Civil Action No.:  7:20-cv-000342 |
| | ) |
| v. | ) |
| | ) |
| BITTREX, INC., | ) |
| and | ) |
| J. DOE | ) |
| | ) |
| Defendants | ) |
| | ) |
| and | ) |
| | ) |
| STEEMIT, INC. | ) |
| | ) |
| Third-Party Defendants | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**I. SUBJECT MATTER JURISDICTION**

Bittrex, Inc. has elected to proceed by use of statutory interpleader. The elements of 28 U.S.C. §1335(a) are (1) property at issue with a value of $500.00 or more; (2) two or more adverse claimants of diverse citizenship; and (3) deposit of money or property at issue, or a deposit of equivalent funds or bond for said funds into the registry of the Court.

**A. Bittrex, Inc. failed to pay the value of the property at issue into the registry of the Court.**

Bittrex, Inc. had three options to establish this element: (1) It could deposit the property

into the registry of the court directly (This option presents procedural hurdles that are not relevant to this Motion.); (2) Bittrex, Inc. could pay the cash equivalent of the disputed property into the registry of the Court; or (3) It could post bond payable to the Clerk of Court in the amount of the dispute. 28 U.S.C. §1335(a). Bittrex, Inc. elected to proceed with none of these options. This payment is a condition precedent to jurisdiction. Miller & Miller, Auctioneers, Inc. v. G. W. Murphy Indus., Inc., 472 F.2d 893, 895 (10th Cir. 1973).

The payment required by a party filing an action in interpleader is "the largest amount for which it may be liable in view of the subject matter of the controversy". Acuity v. Rex, LLC, 929 F.3d 995, 1001 (8th Cir. 2019) (*citations omitted*). In this case, the amount in dispute is $14,500.00. Complaint, ECF No. 1.

**B. Bittrex, Inc. cannot make a good faith claim of potential double exposure to liability.**

Bittrex, Inc. has not and cannot identify a person or entity other than the Plaintiffs that has made a claim of ownership to Plaintiffs' Steem. Its Counterclaim makes no effort to do so. In a pleading subsequently filed, counsel for Bittrex, Inc. states counsel for Steemit, Inc. desire the Steem not be released to the Plaintiffs. This loose statement cannot possibly be interpreted as a claim of ownership or serve as a reasonable concern of double exposure, especially when the Counterclaim specifically states these potential claimants will not authorize their identification.

"[W]hile a conflicting claim to property need not be concrete and final for a stakeholder to initiate an interpleader action, it cannot be based on the Court's speculation. It at least must be in the Complaint. It is not." Madison Stock Transfer, Inc. v. Exlites Holdings Int'l, Inc. 368 F.Supp.3d 460, 477 (E.D.N.Y. 2019). Madison Stock involved shares of stock which were issued, where the issuance was followed by a cancellation order. The parties to whom the shares were issued did not appear or object to the cancellation. Accordingly, the court found, while it

might be presumed the receiving parties would object to the cancellation, their failure to come forward and state their desire in public could not serve as the basis for a reasonable concern about double liability by the petitioner.

## II. THE COUNTERCLAIM FAILS TO STATE A CLAIM

Bittrex, Inc. has failed to state a claim for which the relief it requests can be granted. Although Paragraph 26 of its pleading makes the bald assertion that Bittrex, Inc. is unable to return the funds to the only parties who have come forward to claim it "without potentially exposing itself to double or multiple liability", that claim is belied by Paragraph 24 which states no other claimants are willing to identify themselves. In other words, on the face of its Counterclaim, it is clear that Bittrex, Inc. cannot expect to be subjected to a rational claim by an entity which will not provide its identity. F. R. C. P. 12(b)(6).

WHEREFORE, the Plaintiffs pray this Court dismiss the Counterclaim filed by Bittrex, Inc, and award the Plaintiffs their costs, expenses and reasonable attorneys' fees.

Respectfully submitted this 5th day of August, 2020,

DANIEL NOTESTEIN
BLOCKTRADES INTERNATIONAL, LTD.
ANDREW CHANEY
SZYMON LAPINSKI
ADAM DODSON
ELMER LIN
DANIEL HENSLEY
MICHAEL WOLF
MATHIEU GAGNON
MARTIN LEES

By: __s/Michelle C. F. Derrico_____
     Of Counsel

3

Michelle C. F. Derrico, Esq. (VSB 34037)
Richard L. Derrico, Esq. (VSB 33442)
Copenhaver, Ellett & Derrico
30 Franklin Road, SW, Suite 200
Roanoke, VA  24011
(540) 343-9349
(540) 342-9258 facsimile
michelle@cecd.roacoxmail.com
rick@cecd.roacoxmail.com
        Counsel for the Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing Memorandum in Support of Motion to Dismiss was served via CM/ECF system, which will send notification of such filing all counsel of record, this 5th day of August, 2020.

        _____/s/ Michelle C. F. Derrico_____
                Of Counsel