**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

DANIEL NOTESTEIN, BLOCKTRADES
INTERNATIONAL, LTD., ANDREW
CHANEY, SZYMON LAPINSKI, ADAM
DODSON, ELMER LIN, DANIEL HENSLEY,
MICHAEL WOLF, MATHIEU GAGNON, and
MARTIN LEES,

                Plaintiffs/Counter-Defendants,

v.                                     Civil Action No. 7:20CV00342

BITTREX, INC.,

                Defendant/Counter-Plaintiff

J. DOES, and

                Defendants

STEEMIT, INC.

                Third-Party Defendant

## ANSWER, AMENDED COUNTERCLAIMS, AND AMENDED THIRD-PARTY CLAIM

Defendant/Counter-Plaintiff Bittrex, Inc. ("Bittrex") answers the Complaint of Plaintiffs as follows:

1. Bittrex lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 1 and therefore denies them.

2. Bittrex lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 2 and therefore denies them.

3. Bittrex lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 3 and therefore denies them.

Woods Rogers PLC
ATTORNEYS AT LAW

4. Bittrex lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 4 and therefore denies them.

5. Bittrex lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 5 and therefore denies them.

6. Bittrex lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 6 and therefore denies them.

7. Bittrex lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 7 and therefore denies them.

8. Bittrex lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 8 and therefore denies them.

9. Bittrex lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 9 and therefore denies them.

10. Bittrex lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 10 and therefore denies them.

11. Bittrex admits the allegations in the first sentence of Paragraph 11. With respect to the allegations in the second sentence of Paragraph 11, Bittrex admits that it holds a Virginia money order seller and money transmitter license, but denies that it is subject to the in personam jurisdiction of this Court. Except as admitted, Bittrex denies the allegations in Paragraph 11.

12. Bittrex states that it is aware that certain additional persons purport to make a claim to the cryptocurrency to which Plaintiffs claim entitlement. Bittrex will refer to such persons as "John Does." Except as admitted, Bittrex denies the allegations in Paragraph 12.

13. Bittrex admits that the amount in controversy exceeds $75,000. Except as admitted, Bittrex denies the allegations in Paragraph 13.

Woods Rogers PLC
ATTORNEYS AT LAW

14. Paragraph 14 contains a jurisdictional statement to which no response is required. To the extent a response is required, Bittrex states that jurisdiction pursuant to 28 U.S.C. §1332 is appropriate.

15. Upon information and belief, Bittrex states that "Steem" is a type of cryptocurrency. Upon information and belief, Bittrex further states that it understands that Steem was developed by Steemit, Inc. Except as admitted, Bittrex lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 15 and therefore denies them.

16. Upon information and belief, Bittrex states that it understands that a transaction involving Steemit, Inc. and TRON caused controversy in the cryptocurrency community. Upon information and belief, Bittrex further states that it understands that this controversy resulted in the contents of certain Steem user accounts being transferred to a single Steem account called "community321." Except as admitted, Bittrex lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 16 and therefore denies them.

17. Bittrex states that on May 20, 2020, 23,627,501 of Steem cryptocurrency was transferred from the "community321" account to the main holding account on Bittrex's cryptocurrency exchange by an unknown person or persons purporting to be a "white knight hacker." Bittrex further states that the unknown "white knight hacker" purported to instruct Bittrex to return the cryptocurrency to their "original owners," but did not provide an identifying memorandum or any other information purporting to identify these "original owners." Except as admitted, Bittrex denies the allegations in Paragraph 17.

18. Bittrex states that in May and June of 2020, Plaintiffs provided information to Bittrex regarding their claim to ownership of at least 6,999,300 of the Steem transferred to

Woods Rogers PLC
Attorneys at Law

{2739463-1, 122056-00001-01}　　　　　　　　　Page **3** of **14**

Bittrex's cryptocurrency exchange by the "white knight hacker" (the "Disputed Steem"). Except as admitted, Bittrex denies the allegations in Paragraph 18.

19. Bittrex states that it has informed Plaintiffs that, pursuant to its pre-existing policy, Bittrex will not release the Disputed Steem until it receives (a) a settlement agreement signed by all parties asserting a claim to the Disputed Steem, or (b) valid and final court order or order from law enforcement demanding release of the Disputed Steem. Except as admitted, Bittrex denies the allegations in Paragraph 19.

20. Bittrex states that its counsel has recently corresponded with counsel for unidentified persons associated with Steemit, Inc. and/or Steemit who have instructed Bittrex not to release the Disputed Steem to Plaintiffs, and have informed Bittrex that Plaintiffs were potentially involved in and/or connected to the actions of the purported "white knight hacker." These persons have declined to identify themselves to Bittrex and/or declined to allow Bittrex to release their identities to Plaintiffs. Since Plaintiffs filed their Complaint, Bittrex's counsel has informed Plaintiffs' counsel that other parties are making a claim to the Disputed Steem. Except as admitted, Plaintiff denies the allegations in Paragraph 20.

21. Bittrex states that it does not claim any right to ownership of the Disputed Steem. Except as admitted, Bittrex denies the allegations in Paragraph 21.

22. Bittrex states that upon information and belief, additional parties are making a claim to the Disputed Steem. Except as admitted, Bittrex denies the allegations in Paragraph 22.

23. Bittrex denies the allegations in Paragraph 23.

24. Bittrex refers to, and incorporates herein by reference, its responses to all preceding paragraphs.

25. Bittrex denies the allegations in Paragraph 25.

26. The allegations in Paragraph 26 contain a request for relief to which no answer is required. To the extent any factual allegations exist to which a response is required, Bittrex denies Plaintiffs are entitled to the requested relief.

27. Bittrex refers to, and incorporates herein by reference, its responses to all preceding paragraphs.

28. The allegations in the first sentence of Paragraph 28 contain legal conclusions to which no answer is required. To the extent any factual allegations exist in the first sentence of Paragraph 28 to which a response is required, Bittrex denies the allegations in the first sentence of Paragraph 28. Bittrex denies the allegations in the second sentence of Paragraph 28.

29. Bittrex refers to, and incorporates herein by reference, its responses to all preceding paragraphs.

30. The allegations in the first sentence of Paragraph 30 contain legal conclusions to which no answer is required. To the extent any factual allegations exist in the first sentence of Paragraph 30 to which a response is required, Bittrex denies the allegations in the first sentence of Paragraph 30. Bittrex denies the allegations in the second sentence of Paragraph 30.

31. The allegations in Paragraph 31 contain legal conclusions and a request for relief to which no answer is required. To the extent any factual allegations exist to which a response is required, Bittrex denies allegations in Paragraph 31, and denies that Plaintiffs are entitled to the requested relief.

32. Bittrex refers to, and incorporates herein by reference, its responses to all preceding paragraphs.

33. Bittrex denies the allegations in Paragraph 33.

Woods Rogers PLC
ATTORNEYS AT LAW

34. The allegations in Paragraph 34 contain a request for relief to which no answer is required. To the extent any factual allegations exist to which a response is required, Bittrex denies Plaintiffs are entitled to the requested relief.

The unnumbered paragraph below Paragraph 34 contains a request for relief to which no response is required. To the extent a response is required, Bittrex denies that Plaintiffs are entitled to the requested relief.

## AFFIRMATIVE DEFENSES

Bittrex asserts the following separate and independent affirmative defenses. Bittrex pleads these affirmative defenses based on their current understanding of the allegations, claims, and legal theories. By listing these defenses, Bittrex does not assume a burden of proof it does not have. Bittrex reserves all rights to amend and add to these defenses.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Bittrex has properly filed an interpleader action due to the uncertainty regarding the ownership of the Disputed Steem.

### SECOND AFFIRMATIVE DEFENSE

The claims, and each purported cause of action therein, fail to state facts sufficient to constitute a cause of action against Bittrex.

### THIRD AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over Bittrex.

### FOURTH AFFIRMATIVE DEFENSE

Venue is not proper in this Court.

Woods Rogers PLC
ATTORNEYS AT LAW

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because any damages experienced by Plaintiffs were caused by a person or persons other than Bittrex.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by reason of their own unclean hands in or about the matters complained of the claims.

### RESERVATION OF ADDITIONAL REMEDIES

Bittrex reserves the right to rely on such other defenses as may become available by law, or pursuant to statute, or as revealed by discovery proceedings in this case, and hereby reserve the right to amend their Answer and assert such defenses.

### PRAYER FOR RELIEF

WHEREFORE, Bittrex prays for judgment as follows:

A. that the causes of action asserted against Bittrex be dismissed with prejudice;

B. that judgment be entered in favor of Bittrex;

C. that all fees and costs, including, but not limited to, attorneys' fees, be awarded to Bittrex to the maximum extent allowable by law; and

D. that Bittrex be granted such further relief as this Court may deem just and proper.

### INTERPLEADER COUNTERCLAIM AND THIRD-PARTY CLAIM

1. Defendant/Counter-Plaintiff Bittrex Inx. ("Bittrex") hereby brings a counterclaim for interpleader against Plaintiffs/Counter-Defendants, and third-party claim for interpleader against the Third-Party Defendant, Steemit, Inc.

## NATURE OF ACTION, JURISDICTION AND VENUE

## I. THE PARTIES

2. Defendant/Counter-Plaintiff Bittrex, Inc. is a Delaware corporation with its principal place of business located in Seattle, Washington. Bittrex operates an online-based digital currency trading platform at www.bittrex.com.

3. Upon information and belief, Plaintiff/Counter-Defendant Daniel Notestein is an individual at 605 Alleghany Street, Blacksburg, Virginia, 24065. Upon information and belief, Daniel Notestein is the President of Plaintiff BlockTrades International, Ltd.

4. Upon information and belief, Plaintiff/Counter-Defendant BlockTrades International, Ltd. is a registered company in the Cayman Islands.

5. Upon information and belief, Plaintiff/Counter-Defendant Andrew Chaney is an individual who resides in Baton Rouge, Louisiana.

6. Upon information and belief, Plaintiff/Counter-Defendant Szymon Lapinski is an individual who resides in Poland.

7. Upon information and belief, Plaintiff/Counter-Defendant Adam Dodson is an individual who resides in Australia.

8. Upon information and belief, Plaintiff/Counter-Defendant Elmer Lin is an individual who resides in the United Kingdom.

9. Upon information and belief, Plaintiff/Counter-Defendant Daniel Hensley is an individual who resides in Mexico.

10. Upon information and belief, Plaintiff/Counter-Defendant Michael Wolf is an individual who resides in Germany.

11. Upon information and belief, Plaintiff/Counter-Defendant Mathieu Gagnon is an individual who resides in Canada.

12. Upon information and belief, Plaintiff/Counter-Defendant Martin Lees is an individual who resides in France.

13. Third-Party Defendant Steemit, Inc. ("Steemit, Inc.") is a Delaware corporation with its principal place of business in Austin, Texas.

14. Upon information and belief, additional unknown parties also have asserted a claim to the Disputed Steem ("John Doe Defendants").

## II. JURISDICTION AND VENUE

15. This is an interpleader action brought pursuant to 28 U.S.C. § 1335. This Court has original jurisdiction over this case because the amount in controversy is over $500.00, and because at least two of the named Counter-Defendants and Defendants are potential claimants and are diverse under 28 U.S.C. § 1332(a)(1). On August 4, 2020, Bittrex filed a Motion to Deposit the Disputed Cryptocurrency Into the Court Registry (Dkt. 14) as required by 28 U.S.C. § 1335(a)(2).

16. This Court has personal jurisdiction over Defendant Steemit, Inc. pursuant to 28 U.S.C. § 2361.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1397 because Plaintiff/Counter-Defendant Notestein resides in this District.

## III. FACTUAL BACKGROUND

18. Cryptocurrencies are digital assets designed to work as a medium of exchange wherein individual coin ownership records are stored in a ledger existing in a form of computerized database using cryptography to secure transaction records, to control the creation

of additional coins, and to verify the transfer of coin ownership. Cryptocurrencies typically use decentralized control as opposed to centralized digital currency and central banking systems. When implemented with decentralized control, the digital ledger system is called a "blockchain."

19. Upon information and belief, Steemit, Inc. owns or owned Steemit, a blockchain-based blogging and social media website. Steemit users are rewarded Steem and/or Steem Backed Dollars for publishing and curating content.

20. Upon information and belief, in early 2020, TRON Foundation and Defendant Steemit, Inc. engaged in a transaction by which TRON Foundation gained control of the Steemit social media and blogging platform.

21. Upon information and belief, the transaction caused various conflicts amongst holders of Steem cryptocurrency. In May 2020, these conflicts culminated in a "hard fork," i.e., a change in the rules governing the Steem "blockchain." Upon information and belief, in the cryptocurrency community, the "hard fork" was considered contentious, as it transferred the Steem cryptocurrency held in certain user accounts to a Steem account named "community321."

22. On May 20, 2020, 23,627,501 Steem and 427 Steem Backed Dollars were transferred from the "community321" account into Bittrex's Steem wallet (which serves as a holding account for all of the Steem and Steem Backed Dollars held on Bittrex's exchange by Bittrex customers) by an unknown person or persons purporting to be a "white knight hacker." The unknown "white knight hacker" purported to instruct Bittrex to return the cryptocurrency to their "original owners," but did not provide an identifying memorandum or any other information purporting to identify these "original owners." Upon information and belief, this "white knight hacker" may have engaged in criminal activity.

23. Plaintiffs purport to be the owners of at least 6,999,300 of the Steem and at least 250 of the Steem Backed Dollars transferred from the "community321" account to Bittrex's Steem wallet (as defined above, the "Disputed Steem"). Plaintiffs have provided Bittrex with information purporting to show their ownership of the Disputed Steem.

24. Counsel for Bittrex has corresponded with Michael Dicke of Fenwick & West LLP, who purported to represent unidentified persons associated with Steemit, Inc. and/or Steemit who instructed Bittrex not to release the Disputed Steem to Plaintiffs, and have informed Bittrex that Plaintiffs were potentially involved in and/or connected to the actions of the purported "white knight hacker." As of July 15, 2020, when Bittrex initially filed its Answer, Counterclaim, and Third Party Claim, those persons had declined to identify themselves to Bittrex and/or declined to allow Bittrex to release their identities to Plaintiffs. On or about July 21, 2020, Mr. Dicke confirmed that he represented Steemit, Inc. Mr. Dicke has confirmed that Steemit, Inc. claims a right to and interest in the Disputed Steem claimed by Plaintiffs, and that Steemit, Inc. plans to participate in this litigation to pursue its rights and interests against Plaintiffs.

25. Bittrex has informed Plaintiffs that, pursuant to its pre-existing policy, Bittrex will not release the Disputed Steem until it receives (a) a settlement agreement signed by all parties asserting a claim to the Disputed Steem, or (b) valid and final court order or order from law enforcement demanding release of the Disputed Steem.

26. As a mere stakeholder, Bittrex claims no title to, or interest in, the Disputed Steem, except to recover its attorneys' fees and cost of this action. Bittrex is ready and willing to give the Disputed Steem to the person or persons entitled to it, but Bittrex is unable to make that determination as to the potential claims without potentially exposing itself to double or multiple

WOODS ROGERS PLC
ATTORNEYS AT LAW

liability. Bittrex respectfully requests that this Court determine to whom the Disputed Steem should be given.

27. On August 4, 2020, Bittrex filed a Motion to Deposit (Dkt. 14) the Disputed Steem into the Court registry or with a person duly authorized by the Court to receive it.

28. By reason of the foregoing, Bittrex files this Complaint in Interpleader.

## **PRAYER FOR RELIEF**

WHEREFORE, Bittrex prays that this Court enter an Order granting it the following relief:

A. permitting Bittrex to interplead the Disputed Steem into the Court Registry or otherwise satisfy the requirements of 28 U.S.C. § 1335(a)(2), as requested by Bittrex's currently pending Motion to Deposit Disputed Cryptocurrency Into Court Registry (Dkt. 14);

B. Discharging Bittrex of all further duties, responsibilities, and liability to Plaintiffs/Counter-Defendants and Third-Party Defendants.

C. Dismissing Bittrex as a party to this action with prejudice upon Bittrex depositing the proceeds at issue into the Court registry.

D. Awarding Bittrex its attorneys' fees and costs incurred in connection with this action; and

E. Awarding Bittrex such other and further relief as the Court deems just and proper.

WOODS ROGERS PLC
ATTORNEYS AT LAW

Dated: August 19, 2020.

                        Respectfully submitted,

                        **BITTREX, INC.**

By: s/J. Benjamin Rottenborn
     Of Counsel
     J. Benjamin Rottenborn (VSB No. 84796)
     WOODS ROGERS PLC
     P.O. Box 14125
     10 South Jefferson Street, Suite 1400
     Roanoke, Virginia 24011
     Phone: (540) 983-7540
     brottenborn@woodsrogers.com

McNAUL EBEL NAWROT & HELGREN PLLC

By: s/
     Gregory J. Hollon, *Pro Hac Vice*
     Claire Martirosian, *Pro Hac Vice*
     600 University Street, Suite 2700
     Seattle, Washington 98101
     Phone: (206) 467-1816
     ghollon@mcnaul.com
     cmartirosian@mcnaul.com

*Counsel for Defendant Bittrex, Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing was served via the CM/ECF system on the individuals listed below on August 19, 2020:

Michelle C. F. Derrico, Esq. (VSB 34037)
Richard L. Derrico, Esq. (VSB 33442)
Copenhaver, Ellett & Derrico
30 Franklin Road, SW, Suite 200
Roanoke, VA 24011
(540) 343-9349
(540) 342-9258 Facsimile
michelle@cecd.roacoxmail.com
rick@cecd.roacoxmail.com

  *Counsel for Plaintiffs*

          /s J. Benjamin Rottenborn
          Counsel for Defendant