IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DANIEL NOTESTEIN, ) | |
| BLOCKTRADES INTERNATIONAL, LTD., ) | |
| ANDREW CHANEY, ) | |
| SZYMON LAPINSKI, ) | |
| ADAM DODSON, ) | |
| ELMER LIN, ) | |
| DANIEL HENSLEY, ) | |
| MICHAEL WOLF, ) | |
| MATHIEU GAGNON, and ) | |
| MARTIN LEES ) | |
| ) | |
|     Plaintiffs ) | Civil Action No.:  7:20-cv-000342 |
| ) | |
| v. ) | |
| ) | |
| BITTREX, INC., ) | |
| and ) | |
| J. DOE ) | |
| ) | |
|     Defendants ) | |
| ) | |
| and ) | |
| ) | |
| STEEMIT, INC. ) | |
| ) | |
|     Third-Party Defendants ) | |

### RESPONSIVE PLEADINGS TO AMENDED COUNTERCLAIM BY DEFENDANT BITTREX, INC.

### I. MOTION TO DISMISS

Now Come the Plaintiffs and file this, their Motion to Dismiss the Counterclaim filed by Defendant Bittrex, Inc., pursuant to Rule 12(b) of the Federal Rules of Civil Procedure as follows:

1. This Court lacks subject matter jurisdiction over the Counterclaim insofar as Counterclaim Plaintiff Bittrex, Inc. has failed to pay into the Court an amount equal to the value

of the property at issue and has failed to post bond in that amount, one of which is required by 28 U.S.C. § 1335(a)(2). F.R.C.P. 12(b)(1).

2. This Court lacks subject matter jurisdiction over the Counterclaim insofar as Counterclaim Plaintiff Bittrex, Inc. admits Bittrex, Inc. cannot identify any party, other than the Plaintiffs, that is making a claim of ownership over the property it holds, as is required by 28 U.S.C. § 1335(a)(1). F.R.C.P. 12(b)(1).

3. Counterclaim Plaintiff Bittrex, Inc. has failed to state a claim for which the relief it requests can be granted. Although Paragraph 26 of its pleading makes the bald assertion that Bittrex, Inc. is unable to return the funds to the only parties who have come forward to claim them "without potentially exposing itself to double or multiple liability", that claim is belied by Paragraph 20 of its Amended Answer which states no other claimants are willing to identify themselves. This Paragraph is in clear conflict with Paragraph 24 of the Amended Counterclaim, which asserts proposed third-party defendant Steemit, Inc. plans to make a claim. In other words, on the face of its Counterclaim, it is clear that Bittrex, Inc. cannot expect to be subjected to a rational claim by an entity which will not provide its identity or has yet to make a claim. F. R. C. P. 12(b)(6).

## II. ANSWER TO COUNTERCLAIM

1. Paragraph 1 of the Counterclaim is a statement of introduction and requires no response from the Plaintiffs/Counterclaim Defendants (herein "Plaintiffs").

2. Paragraph 2 of the Counterclaim is believed by Plaintiffs to be correct.

3. Paragraph 3 of the Counterclaim is admitted.

4. Paragraph 4 of the Counterclaim is admitted.

5. Paragraph 5 of the Counterclaim is admitted.

6. Paragraph 6 of the Counterclaim is admitted.

7. Paragraph 7 of the Counterclaim is admitted.

8. Paragraph 8 of the Counterclaim is admitted.

9. Paragraph 9 of the Counterclaim is admitted.

10. Paragraph 10 of the Counterclaim is admitted.

11. Paragraph 11 of the Counterclaim is admitted.

12. Paragraph 12 of the Counterclaim is denied.

13. Paragraph 13 of the Counterclaim is believed by Plaintiffs to be correct.

14. Paragraph 14 of the Counterclaim is denied.

15. Plaintiffs admit the Counterclaim cites the correct statute for interpleader. Plaintiffs further admit the amount in controversy is over $500.00 and that Bittrex, Inc. filed a motion to Deposit the Disputed Cryptocurrency into the Court Registry. The remainder of Paragraph 15 is denied.

16. Paragraph 16 of the Counterclaim is denied.

17. Paragraph 17 of the Counterclaim is admitted.

18. Plaintiffs admit the first two sentences of Paragraph 18 of the Counterclaim. Plaintiffs further state that a blockchain is one of several forms of software data structures which can be used to set up a centralized or decentralized service. The remainder of Paragraph 18 is denied.

19. Plaintiffs admit Steemit, Inc. is one site which interacts with the Steem blockchain. Steem rewards its users for publishing and curating content. The remainder of Paragraph 19 of the Counterclaim is denied.

20. Plaintiffs admit TRON Foundation gained control of the Steemit social media and the steemit.com website. The remainder of Paragraph 20 of the Counterclaim is denied.

21. Paragraph 21 of the Counterclaim is admitted.

22. Plaintiffs admit the described Steem and Steem-Backed Dollars were transferred to the main holding account on Bittrex, Inc.'s cryptocurrency exchange by an unknown person. The instructions to Bittrex, Inc. were: "These are funds stolen by the Steem witnesses using HF23 May 20th 2020 - please return them to their original owners prior to the fork :)". Plaintiffs do not know whether the action of the unknown person was criminal; although this message makes clear Bittrex, Inc. was aware it was in receipt of stolen property belonging to the Plaintiffs. Plaintiffs further admit the funds are presently held in Bittrex, Inc.'s Steem wallet. The remainder of Paragraph 22 of the Counterclaim is denied.

23. Paragraph 23 of the Counterclaim is admitted. Plaintiffs further state they are the only entities who have either made a claim of ownership or provided any proof of ownership. Plaintiffs have provided all information requested by Bittrex, Inc. regarding their rightful ownership.

24. Plaintiffs have no way of knowing about conversations involving counsel for Bittrex, Inc. other than as reported by said counsel, and therefore can neither admit nor deny the same. The remainder of Paragraph 24 is denied.

25. Paragraph 25 of the Counterclaim is admitted. Plaintiffs futher state the refusal of Bittrex, Inc. to provide any information regarding any potential other claimants makes achievement of Bittrex, Inc.'s demands impossible.

26. Plaintiffs admit Bittrex, Inc. has made no claim of ownership to the Steem at issue. Plaintiffs deny Bittrex, Inc. stands ready and willing to give the Steem at issue to the person or persons entitled to it, as they have refused to do so in the face of undisputed evidence of ownership. The remainder of Paragraph 26 is denied.

27. Plaintiffs admit Bittrex, Inc. filed the Motion described. Plaintiffs deny it is possible to "deposit" Steem or Steem-Backed Dollars into the Court.

28. Paragraph 28 of the Counterclaim is a statement of introduction and requires no response from the Plaintiffs.

29. Any statement in the Counterclaim not specifically admitted is hereby denied.

### III. OBJECTION TO INTERPLEADER

Plaintiffs object to the attempt at interpleader requested by Bittrex, Inc. as follows:

30. At the time their Steem was stolen, Plaintiffs' Steem was held in separate accounts on the steemit platform. Steemit, Inc. was able to target the Plaintiffs individually, because it could identify the owners with specificity.

31. At this time, the Plaintiffs' Steem is held in a main holding account on the cryptocurrency exchange of Bittrex, Inc. This is an account which, from the point of view of the public, appears to hold the Steem of numerous clients in a single, comingled account. Only Bittrex, Inc. is able to determine which of its clients have ownership of the Steem it contains.

32. If Bittrex, Inc. were to transfer Plaintiffs' Steem from its main holding account, the Steem would again be openly identifiable and subject to seizure and/or theft. There is no action Bittrex, Inc., the Plaintiffs, or this Court could take to prevent another confiscation by Steemit, Inc.

33. Furthermore, there is no realistic way for Bittrex, Inc. to transfer the Steem to the Court without maintaining the key to access said Steem. Cryptocurrency keys are extraordinarily complex, and it is highly unusual for one to be changed. Changing a key involves a high risk of error, and accordingly, potential loss of the currency involved.

34. Steemit.com specifically warns about the complexity of keys in the section of its webpage which welcomes new users to steemit.com:

> **1. Backup your password**
>
> Unlike centralized web services, **it is not possible to recover lost passwords on the Steem blockchain**.
>
> You are entirely responsible for saving your password, backing it up, and keeping it secure.
> Never put your password into unverified third party websites as they may steal your account.
>
> **2. Really, backup your password!**
>
> Store an **offline copy** of your password somewhere safe in case of a hard drive failure or other calamity. Consider using a flash drive, secure cloud storage, or simply print it on paper.

35. So long as Bittrex, Inc. still has access to the key, it cannot effectively divest itself of holding the Steem at issue.

36. Should the Court be so inclined as to allow this Counterclaim to go forward, Plaintiffs request the Court require Bittrex, Inc. to pay $14,500,000.00 into the Court as the amount due under its obligation, as described in 28 U.S.C. § 1335(a)(2).

WHEREFORE, the Plaintiffs pray this Court deny the relief requested by Bittrex, Inc, and award the Plaintiffs their costs, expenses and reasonable attorneys' fees.

Respectfully submitted this 1st day of September, 2020,

>                       DANIEL NOTESTEIN
>                       BLOCKTRADES INTERNATIONAL, LTD.
>                       ANDREW CHANEY
>                       SZYMON LAPINSKI
>                       ADAM DODSON
>                       ELMER LIN
>                       DANIEL HENSLEY
>                       MICHAEL WOLF
>                       MATHIEU GAGNON

          MARTIN LEES

          By: __s/Michelle C. F. Derrico_____
              Of Counsel

Michelle C. F. Derrico, Esq. (VSB 34037)
Richard L. Derrico, Esq. (VSB 33442)
Copenhaver, Ellett & Derrico
30 Franklin Road, SW, Suite 200
Roanoke, VA  24011
(540) 343-9349
(540) 342-9258 facsimile
michelle@cecd.roacoxmail.com
rick@cecd.roacoxmail.com
    Counsel for the Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Responsive Pleadings was served via CM/ECF system, which will send notification of such filing all counsel of record, this 1st day of September, 2020.

          _____/s/ Michelle C. F. Derrico_____
              Of Counsel