# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

DANIEL NOTESTEIN, BLOCKTRADES
INTERNATIONAL, LTD., ANDREW
CHANEY, SZYMON LAPINSKI, ADAM
DODSON, ELMER LIN, DANIEL
HENSLEY, MICHAEL WOLF, MATHIEU
GAGNON, and MARTIN LEES,

        Plaintiffs/Counter-
        Defendants,

v.

BITTREX, INC., and                               Civil Action No.: 7:20CV00342

        Defendant/Counter-Plaintiff
        and Counter-Defendant,

J. DOES,

        Defendants.
-----------------------------------------------------------

BITTREX, INC.,

        Defendant/Counter-Plaintiff
        and Counter-Defendant,

v.

STEEMIT, INC.,

        Third-Party
        Defendant/Counter- and
        Third-Party Plaintiff.
-----------------------------------------------------------

STEEMIT, INC.,

        Third-Party
        Defendant/Counter- and
        Third-Party Plaintiff,

v.

BITTREX, INC.,

        Defendant/Counter-Plaintiff
        and Counter-Defendant,
        and

JOHN DOES 1-10,

        Third-Party Defendants.

# STEEMIT, INC.'S AND BITTREX, INC.'S [PROPOSED] STIPULATION TO STAY CLAIMS AND PROCEEDINGS AS BETWEEN THOSE TWO PARTIES

IT IS HEREBY STIPULATED, by and among Third-Party Defendant/Counter- and Third-Party Plaintiff Steemit, Inc. ("Steemit"), and Defendant/Counter-Plaintiff/Counter-Defendant Bittrex, Inc. ("Bittrex"), through the undersigned counsel, as follows:

WHEREAS, this action arises from an purported hack of two types of digital currency, one type known as "STEEM" and the other known as "Steem Blockchain Dollars" ("SBD"). On May 20, 2020, upon information and belief, an unknown person or persons removed digital currency from an online "wallet" called "community321" and transferred that currency to Bittrex, a digital currency exchange. Steemit, as detailed in its responsive pleading in this action (ECF No. 28), alleges that it is the rightful owner of the currency, or "tokens," located in the community321 wallet.

WHEREAS, Plaintiffs/Counter-Defendants Daniel Notestein, BlockTrades International, Ltd., Andrew Chaney, Szymon Lapinski, Adam Dodson, Elmer Lin, Daniel Hensley, Michael Wolf, Mathieu Gagnon, and Martin Lees (collectively, "Plaintiffs") thereafter initiated this action. Plaintiffs claim to be the rightful owners of a portion of the proceeds of the purported hack. *See* Dkt. 1. Approximately 23,627,501 STEEM and 427 SBD was transferred to Bittrex by an unknown person or persons. Of the total amount transferred, Plaintiffs have purported to assert a claim of ownership to approximately "6,999,300 of the STEEM and at least 250 of the [SBD]," about one-third of the proceeds of the purported hack (the "**Disputed Tokens**"). ECF No. 15-2 ¶ 5.[1]

---

[1] Only certain of Plaintiffs have provided information to Bittrex that purports to show their claim to ownership of some portion of the STEEM and SBD deposited into Bittrex's Steem wallet by the purported hacker. *See* ECF No. 15-2 ¶¶ 3-5. It is not currently clear from the Complaint what portion of the total 23,627,501 STEEM and 427 SBD to which Plaintiffs claim to be entitled. For this reason, the number of Disputed Tokens and, by extension, the number of Non-Disputed Tokens is currently unclear to Bittrex.

WHEREAS, to date, no party other than Steemit has asserted a claim to the balance of tokens transferred to Bittrex, *i.e.*, the approximately 16,628,201 STEEM and 177 SBD remaining (collectively, the "**Non-Disputed Tokens**").

WHEREAS, Plaintiffs have demanded that Bittrex return to them all of the Disputed Tokens and Steemit has demanded that Bittrex return all tokens transferred from the purportedly hacked "community321" wallet to Bittrex, including both the Disputed Tokens and the Non-Disputed Tokens.

WHEREAS, while Bittrex makes no claim to ownership of either the Disputed Tokens or the Non-Disputed Tokens, it has declined to return any portion of STEEM or SBD to Plaintiffs or Steemit during the pendency of this action, as Bittrex believes that doing so could potentially expose it to liability;

WHEREAS, Plaintiffs commenced this action on June 16, 2020, against Bittrex and a John Doe defendant only, asserting purported claims to the Disputed Tokens. ECF No. 1. On July 15, 2020, Bittrex answered and also asserted an Interpleader Counterclaim and Third-Party Claim (the "Interpleader Claim"), against Plaintiffs and Steemit respectively, through which **Bittrex currently seeks to interplead only the Disputed Tokens**, depositing them with the Court while ownership is adjudicated. ECF No. 7. Bittrex filed a Motion for Interpleader Deposit of the Disputed Tokens on August 4, 2020 (ECF No. 14), which remains pending at this time. On August 5, 2020, Plaintiffs answered and also moved to dismiss Bittrex's Interpleader Claim (ECF Nos. 16-17), while, on August 18, 2020, opposing Bittrex's Motion for Interpleader Deposit (ECF No. 20). Bittrex amended its answer and Interpleader Claim on August 19, 2020 (ECF No. 21), and Plaintiffs responded by filing an amended answer and amended motion to dismiss on September 21, 2020 (ECF Nos. 24-25). On September 22, 2020, Steemit appeared in

the action, answering the Interpleader Claim and asserting counterclaims against Bittrex and third-party claims against John Does 1-10.  ECF No. 28. **Steemit counterclaimed against Bittrex solely on the basis of Bittrex's retention of the Non-Disputed Tokens**, asserting a claim for injunctive relief and claims for detinue and conversion. Currently, Bittrex's deadline to respond to Steemit's three counterclaims is December 11, 2020. ECF No. 48;

WHEREAS, Steemit and Bittrex agree that the threshold and likely dispositive issues in this case are: (1) the propriety of the aforementioned May 20, 2020 removal of digital currency from the "community321" wallet; and (2) adjudication as between Plaintiffs and Steemit of ownership rights to the Disputed Tokens. Resolution of one or both of those issues will guide how Bittrex handles disposition of the Non-Disputed Tokens;

WHEREAS, Steemit and Bittrex agree that, during the pendency of proceedings concerning the ownership of the Disputed Tokens, a continuance of Bittrex's responsive pleading deadline and a stay of further proceedings as between Steemit and Bittrex concerning the Non-Disputed Tokens will achieve efficiency for the parties and the Court. A continuance and stay also will achieve fairness for any potential claimants to the Non-Disputed Tokens other than Steemit, in the event an additional claimant or claimants comes forward during the pendency of proceedings concerning the Disputed Tokens;

WHEREAS, Steemit and Bittrex agree that any stay is without prejudice to any claims that they may have respecting the Non-Disputed Tokens and shall toll any limitations period for any such claims or causes of action related to the Non-Disputed Tokens as to each of them, but agree that Steemit will not seek damages for any diminution of value of the Non-Disputed Tokens that occurs during the pendency of any stay, and Bittrex agrees that any stay will not affect its obligation to respond to and participate in discovery sought in this matter outside of the

counterclaims; and

NOW THEREFORE, Steemit and Bittrex stipulate and agree, subject to the Court's approval, to stay any responses and all motion practice, discovery, and all other proceedings with respect to Steemit's three counterclaims against Bittrex, including any interpleader action by Bittrex with respect to the Non-Disputed Tokens. For good reason and on motion by either party, or by further joint stipulation of the parties, the stay may be lifted by order of the Court, or as otherwise ordered by the Court, with the matter resuming thirty (30) days after any such order issues. Except as otherwise noted, the foregoing is without prejudice to Bittrex's right to seek to interplead the Non-Disputed Tokens or otherwise and any claims or causes of actions Steemit may have.

| | |
|---|---|
| Dated: December 11, 2020<br><br>**BITTREX, INC.**<br><br>By: /s/J. Benjamin Rottenborn<br>    Of Counsel<br>    J. Benjamin Rottenborn (VSB No. 84796)<br>    WOODS ROGERS PLC<br>    P.O. Box 14125<br>    10 South Jefferson Street, Suite 1400<br>    Roanoke, VA 24011<br>    Phone: (540) 983-7540<br>    brottenborn@woodsrogers.com<br><br>    MCNAUL EBEL NAWROT & HELGREN PLLC<br>    Gregory J. Hollon<br>    (admitted *pro hac vice*)<br>    Claire Martirosian<br>    (admitted *pro hac vice*)<br>    600 University Street, Suite 2700<br>    Seattle, WA 98101<br>    Phone: (206) 467-1816<br>    ghollon@mcnaul.com<br>    cmartirosian@mcnaul.com<br><br>    *Counsel for Bittrex, Inc.* | Dated: December 11, 2020<br><br>**STEEMIT, INC.**<br><br>By: /s/ Michael S. Dicke<br>    Michael S. Dicke (Cal. Bar No. 158187)<br>    (admitted *pro hac vice*)<br>    Catherine Kevane (Cal. Bar No. 215501)<br>    (admitted *pro hac vice*)<br>    Jennifer C. Bretan (Cal. Bar No. 233475)<br>    (admitted *pro hac vice*)<br>    Casey O'Neill (Cal. Bar No. 264406)<br>    (admitted *pro hac vice*)<br>    FENWICK & WEST LLP<br>    555 California Street, 12th Floor<br>    San Francisco, CA 94114<br>    Telephone: (415) 875-2300<br>    Fax: (415) 281-1350<br>    mdicke@fenwick.com<br>    ckevane@fenwick.com<br>    jbretan@fenwick.com<br>    coneill@fenwick.com<br><br>    Michael J. Finney (VSB No. 78484)<br>    GENTRY LOCKE<br>    10 Franklin Road S.E., Suite 900<br>    P.O. Box 40013<br>    Roanoke, Virginia 24022-0013<br>    Phone: (540) 983-9300<br>    Fax: (540) 983-9400<br>    finney@gentrylocke.com<br><br>    *Counsel for Steemit, Inc.* |

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

Dated: _____

                            Hon. Glen. E. Conrad
                            Chief United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December 2020, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which provided electronic service to all counsel of record.

                                                /s/ Claire Martirosian
                                                   Claire Martirosian