IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DANIEL NOTESTEIN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 7:20-cv-00342 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| BITTREX, Inc., et al., | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER TO SHOW CAUSE**

The complaint in this matter alleges that the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Upon the court's review of the complaint, the court discovered two jurisdictional issues that need to be resolved before this matter can proceed.

First, the citizenship of plaintiff Blocktrades International, Ltd. is unclear. The complaint states that Blocktrades is a registered company in the Cayman Islands. For purposes of ascertaining the court's diversity jurisdiction, the complaint lacks information as to whether this entity is akin to a corporation, a limited liability company or partnership, or none of the above. *See, e.g.*, *Horne v. Krecker*, CAUSE NO.: 2:20-CV-71-TLS-JPK, 2020 WL 814007, at *1–2 (N.D. Ind. Feb. 19, 2020) (discussing citizenship of Canadian company Impel Transport, Ltd.).

Second, subject to certain exceptions, unidentified John Doe defendants are not permitted in federal diversity suits because diversity jurisdiction must be proved by the plaintiff rather than assumed. *See Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 218 (7th Cir. 1997).

The court has an inherent duty to ensure that it has subject matter jurisdiction. *See, e.g.*, *Johnson v. Schneider Elec.*, Docket No. 3:17-cv-00126-FDW, 2020 WL 912779, at *2 (W.D.N.C. Feb. 25, 2020) (explaining that courts have an "independent duty to ensure that

jurisdiction is proper and, if there is a question as to whether such jurisdiction exists, they must raise lack of subject-matter jurisdiction on their own motion"). Moreover, as the parties invoking this court's jurisdiction, plaintiffs bear the burden of proving that the court has subject matter jurisdiction over this action. Therefore, the court will order plaintiffs to show cause as to why this matter should not be dismissed for lack of subject matter jurisdiction.

It is hereby ORDERED that plaintiffs SHOW CAUSE within **fourteen days** of the date of this order as to why this case should not be dismissed for lack of subject matter jurisdiction. Any other party to this litigation may respond to plaintiffs' submission within **fourteen days** of service, and plaintiffs may file a further reply within **fourteen days** thereafter.

Entered: May 25, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge