IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DANIEL NOTESTEIN, | ) | |
| BLOCKTRADES INTERNATIONAL, LTD., | ) | |
| ANDREW CHANEY, | ) | |
| SZYMON LAPINSKI, | ) | |
| ADAM DODSON, | ) | |
| ELMER LIN, | ) | |
| DANIEL HENSLEY, | ) | |
| MICHAEL WOLF, | ) | |
| MATHIEU GAGNON, and | ) | |
| MARTIN LEES | ) | |
| | ) | |
|     Plaintiffs | ) | Civil Action No.:  7:20-cv-000342 |
| | ) | |
| v. | ) | |
| | ) | |
| BITTREX, INC., | ) | |
| and | ) | |
| J. DOE | ) | |
| | ) | |
|     Defendants | ) | |
| | ) | |
| and | ) | |
| | ) | |
| STEEMIT, INC. | ) | |
| | ) | |
|     Third-Party Defendants | ) | |

**MEMORANDUM IN RESPONSE TO ORDER TO SHOW CAUSE**

Now comes the Plaintiffs, by counsel, and file their Memorandum in Response to the Order

of the Court to Show Cause, and show the following:

**I. FACTS**

The Plaintiffs are the owners of Steem and Steem-backed Dollars that were confiscated,

placed in the community321 account, and delivered to the custody of Defendant Bittrex, Inc.

("Bittrex"). Declarations of Daniel Notestein, Andrew Chaney, Syzmon Lapinski, Adam Dodson,

Elmer Lin, Daniel Hensley, Michael Wolf, Mathieu Gagnon, and Martin Lees. Dkt. 20-1, p. 2;

Dkt. 20-2; Dkt. 20-3; Dkt. 20-4; Dkt. 20-5; Dkt. 20-6; Dkt. 20-7; Dkt. 20-8; Dkt. 20-9. Plaintiffs contacted Bittrex and provided proof of ownership, but Bittrex refused to return their property to the Plaintiffs' control. Id. Bittrex also refused to tell the Plaintiffs if any other party was making a claim to the community321 account. Declaration of Daniel Notestein, Dkt. 20-1, p. 3.

At the time this action was filed, Plaintiffs may have suspected that Steemit, Inc. ("Steemit") wanted their property, but they did not know if Steemit would make a public claim or publicly state their involvement in a partially executed theft. Plaintiffs had no actual knowledge of any other party making a claim to their property. Similarly, while Plaintiffs may have suspected Bittrex was allied with Steemit, they had no actual knowledge. A claim that Steemit could deprive a member of their investment at any time for any reason was not a business model the Plaintiffs were willing to assume on behalf of Steemit. Because of their lack of factual information as to whether there was another party they wished to sue, Plaintiffs named J. Doe as a party.

When Bittrex filed its Answer and Counterclaim, Dkt. 7, the situation was no more clear. Bittrex represented to the Court it was in contact with a party or parties who "instructed" Bittrex to withhold the Plaintiffs' property. Bittrex refused to reveal the identity of the instructor(s). Answer and Counterclaim, Dkt. 7, p. 4. Although Plaintiffs learned a month later that Steemit was the source of the instruction, Bittrex did not assert that Steemit made a claim of ownership. Declaration of Claire Martirosian, Dkt. 15-3.

Eventually Bittrex made a claim of ownership on behalf of Steemit to what is now referred to as the Disputed Steem. It did so by offering a self-serving letter authored by counsel for Steemit as an exhibit to Bittrex, Inc.'s Reply in Support of Motion to Deposit Disputed Cryptocurrency into the Court Registry. Dkt. 25-3.

The Plaintiffs still did not have actual knowledge as to when the Bittrex/Steemit alliance

took hold. It was only in Bittrex's Reply in Support of Motion for Approval of Interpleader Bond and Judgment of Interpleader that Bittrex admitted it had been in conversation with a party, that can be fairly assumed to be Steemit, from the beginning. Supplemental Declaration of Kevin Hamilton in Reply in Support of Motion for Approval of Interpleader Bond and Judgment of Interpleader, Dkt 66.

BlockTrades, Ltd. is a corporation. Attached is the Certificate of Incorporation. The document is self-certifying at the website referenced in the bottom right corner. The Plaintiffs' Complaint includes "Ltd." as part of the BlockTrades, Ltd. name. "Ltd.: A designation following a corporate business name and indicating its corporate and limited liability status. It is found most commonly after British and Canadian corporate names". Black's Law Dictionary, Fifth Edition. The Cayman Islands is a British Overseas Territory.

The Complaint also asserts Daniel Notestein, a resident of Blacksburg, Virginia, is president of BlockTrades, Ltd. By way of clarification, the Western District of Virginia is the primary place of business of the corporation.

## II. J. DOE CASES IN FEDERAL LAW

### A. The Fourth Circuit

The Fourth Circuit allows actions against J. Doe defendants in cases against "real, but unidentified, defendants". Schiff v. Kennedy, 691 F.2d 196, 198 (4th Cir. 1982). Schiff is especially apt because, as in the instant case, Schiff involved a defendant who refused to identify her J. Doe partner.

> While we recognize the necessity for allowing John Doe suits in the federal courts, we are not unaware of the right of the district court to manage its docket and the danger of permitting suits with unnamed parties to remain on the docket unprosecuted. *Thus, if it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice.*

Id. (emphasis added).

Plaintiffs have requested the opportunity to engage in discovery, in part, in order to affirmatively identify Doe participants. Should the Court deny them this opportunity, the appropriate remedy would be to dismiss J. Doe without prejudice, or to allow the Plaintiffs to amend their complaint. Id.; Sandler v. Western State Hospital, Civil Action No. 5:02CV00107 (W.D. Va. Nov. 18, 2003), p. 6; 28 U.S.C. §1653; Nutter v. New Rents, Inc., 945 F.2d 398 (4th Cir. 1991); Gradillas Court Reporters, Inc. v. Cherry Bekaert, LLP, No. 19-1098 (4th Cir. Mar. 31, 2020).

## B. *Howell by Goerdt v. Tribune Entertainment Co.,* 106 F.3d 215 (7th Cir.1997)

The Order to Show Cause of this Court cites Howell by Goerdt v. Tribune Entertainment Co., 106 F.3d 215 (7th Cir.1997), as prohibiting unidentified defendants in federal diversity cases. The only exceptions recognized by Howell are for a nominal party, which Howell defines as "irrelevant to diversity jurisdiction" and "unnecessary to the proper resolution of the controversy" or for a fugitive from justice. Id., at 218.

A defendant who is "unnecessary to the proper resolution of the controversy" is one who is

> included in the complaint "in the event that during discovery [a plaintiff] identifie[s] any additional defendants he wishe[s] to add to the suit." Moore v. General Motors Pension Plans, 91 F.3d 848, 850 (7th Cir. 1996). On the other hand, Doe Defendants are not nominal if they are included because "the plaintiff knows that there are specific additional defendants he wishes to sue, but is simply uncertain as to their names." Id.

Lee v. Airgas-Mid S., Inc., 793 F.3d 894 (8th Cir. 2015).

In the instant case, it is not necessary to know with whom Bittrex was working in order to determine whether Bittrex committed the tortious acts set out in the Plaintiffs' Complaint.

4

Should the Court decide to follow the rule in <u>Howell</u>, J. Doe is a nominal party and their inclusion in this action does not destroy diversity.

> Federal Rule of Civil Procedure 21 permits the Court to drop J. Doe as a party.
>
> [I]t is well-settled that nondiverse parties may be dismissed in order to preserve diversity jurisdiction. <u>Miller v. Leavenworth-Jefferson Elec. Coop., Inc.</u>,653 F.2d 1378, 1382 (10th Cir. 1981); <u>Jett [v. Phillips & Associates</u>, 439 F.2d 987],989-990 (10th Cir. 1971); *see* <u>Harris v. Illinois-California Express, Inc.</u>,687 F.2d 1361, 1369 (10th Cir. 1982) ("a non-diverse party whose presence is not essential under Rule 19, . . . may be dropped to achieve diversity"); 7 C. Wright, A. Miller M. Kane, *Federal Practice and Procedure*, § 1685, at 457 (2d ed. 1986) ("Courts frequently employ Rule 21 to preserve diversity jurisdiction over a case by dropping a nondiverse party if his presence in the action is not required under Rule 19.").

<u>Tuck v. United Services Automobile Ass'n</u>, 859 F.2d 842, 845 (10th Cir. 1988). If the Court should find J. Doe is not a nominal party, Plaintiffs request the Court take this action.

### C. Authority Contrary to *Howell*

Although <u>Howell</u> is the law of the Seventh Circuit, it is not universally accepted. Courts that do not follow <u>Howell</u> often follow <u>Macheras v. Center Art Galleries-Hawaii, Inc.</u>, 776 F. Supp. 1436 (1991). <u>Macheras</u> discussed <u>Bryant v. Ford Motor Co.</u>, 844 F.2d 602 (9th Cir.1987) and its aftermath. In <u>Bryant</u>, the Ninth Circuit Court of Appeals held the inclusion of a J. Doe defendant destroyed diversity jurisdiction and prevented removal of a case from state court. Congress responded by amending 28 U.S.C. § 1441(b)(1) to state: "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

Although Congress amended § 1441, it did not amend § 1332. This left an inconsistency between the two statutes where a defendant could remove a case to federal court, but a plaintiff could not initiate it there. The <u>Macheras</u> Court did not believe Congress intended to create an imbalance of power between plaintiffs and defendants in choice of

forum. <u>Macheras</u>, 776 F. Supp. at 1440. Furthermore, the <u>Macharas</u> decision followed the pre-<u>Bryant</u> line of authority that allowed state Doe statutes to be applied under the <u>Erie</u> doctrine. <u>Id.</u>, *citing* <u>Lindley v. General Elec. Co.</u>, 780 F.2d 797, 800-01 (9th Cir.1986), *cert. denied* 476 U.S. 1186, 106 S.Ct. 2926, 91 L.Ed.2d 554 (1986).

Although this line of cases does permit Doe defendants in federal diversity cases, some of the cases warn the plaintiff runs the risk that a non-diverse Doe may be revealed as discovery proceeds. <u>Macheras</u>, 776 F. Supp. at 1440; <u>Johnson v. Rite Aid, ABC Corp. 1-3</u>, Civ. No. 10-2012 (DMC) (JAD) (D.N.J. June 28, 2011). Other cases suggest this problem could be cured by dropping a party pursuant to F.R.C.P. 21. <u>Doe v. Ciolli</u>, 611 F.Supp.2d 216, 220 (D.Conn.2009).

WHEREFORE, Plaintiffs respectfully request that this Court find maintain jurisdiction of this Action.

Respectfully submitted this 8th day of June, 2021,

> DANIEL NOTESTEIN
> BLOCKTRADES INTERNATIONAL, LTD.
> ANDREW CHANEY
> SZYMON LAPINSKI
> ADAM DODSON
> ELMER LIN
> DANIEL HENSLEY
> MICHAEL WOLF
> MATHIEU GAGNON
> MARTIN LEES
>
>
> By:   s/Michelle C. F. Derrico_____
>       Of Counsel

Michelle C. F. Derrico, Esq. (VSB 34037)
Richard L. Derrico, Esq. (VSB 33442)
Copenhaver, Ellett & Derrico
30 Franklin Road, SW, Suite 200

Roanoke, VA  24011
(540) 343-9349
(540) 342-9258 facsimile
michelle@cecd.roacoxmail.com
rick@cecd.roacoxmail.com
        Counsel for the Plaintiffs

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Memorandum in Support of Motion for Leave to File Amended Complaint was served via CM/ECF system, which will send notification of such filing all counsel of record, this 8th day of June, 2021.

_____ /s/ Michelle C. F. Derrico_____
                Of Counsel