IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DANIEL NOTESTEIN, ) <br> BLOCKTRADES INTERNATIONAL, LTD., ) <br> ANDREW CHANEY, ) <br> SZYMON LAPINSKI, ) <br> ADAM DODSON, ) <br> ELMER LIN, ) <br> DANIEL HENSLEY, ) <br> MICHAEL WOLF, ) <br> MATHIEU GAGNON, and ) <br> MARTIN LEES ) <br> ) <br>     Plaintiffs ) <br> ) <br> v. ) <br> ) <br> BITTREX, INC., ) <br> and ) <br> J. DOE ) <br> ) <br>     Defendants ) <br> ) <br> and ) <br> ) <br> STEEMIT, INC. ) <br> ) <br>     Third-Party Defendants ) | Civil Action No.:  7:20-cv-000342 |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT**

Now comes the Plaintiffs, by counsel, and file their Memorandum in Support of their Motion for Leave to File Amended Complaint, and show the following:

### I. FACTS

The Plaintiffs are the owners of Steem and Steem-backed Dollars that were confiscated, placed in the community321 account, and delivered to the custody of Defendant Bittrex, Inc. ("Bittrex"). Declarations of Daniel Notestein, Andrew Chaney, Syzmon Lapinski, Adam Dodson, Elmer Lin, Daniel Hensley, Michael Wolf, Mathieu Gagnon, and Martin Lees. Dkt. 20-1, p. 2;

1

Dkt. 20-2; Dkt. 20-3; Dkt. 20-4; Dkt. 20-5; Dkt. 20-6; Dkt. 20-7; Dkt. 20-8; Dkt. 20-9. Plaintiffs contacted Bittrex and provided proof of ownership, but Bittrex refused to return their property to the Plaintiffs' control. Id. Bittrex also refused to tell the Plaintiffs if any other party was making a claim to the community321 account. Declaration of Daniel Notestein, Dkt. 20-1, p. 3.

At the time this action was filed, Plaintiffs may have guessed that Steemit, Inc. ("Steemit") wanted their property, but they did not know if Steemit would make a public claim or publicly state their involvement in a partially executed theft. In fact, Steemit specifically denied involvement in the hard fork. https://twitter.com/justinsuntron/status/1262983460131495936 . It was not until Steemit filed its Answer in this action that it admitted its involvement. Steemit, Inc.'s Responsive Pleading, Dkt. 28, p. 4, paragraph 21.

Plaintiffs had no actual knowledge of any other party making a claim to their property. Similarly, while Plaintiffs may have suspected Bittrex was allied with Steemit, they had no actual knowledge. A claim that Steemit could deprive a member of their investment at any time for any reason was not a business model the Plaintiffs were willing to assume on behalf of Steemit. Because of their lack of factual information as to whether there was another party they wished to sue, Plaintiffs named J. Doe as a party.

When Bittrex filed its Answer and Counterclaim, Dkt. 7, the situation was no more clear. Bittrex represented to the Court it was in contact with a party or parties who "instructed" Bittrex to withhold the Plaintiffs' property. Bittrex refused to reveal the identity of the instructor(s). Answer and Counterclaim, Dkt. 7, p. 4. Although Plaintiffs learned a month later that Steemit was the source of the instruction, Bittrex did not assert that Steemit made a claim of ownership. Declaration of Claire Martirosian, Dkt. 15-3.

Eventually Bittrex made a claim of ownership on behalf of Steemit to what is now referred to as the Disputed Steem. It did so by offering a self-serving letter authored by counsel for Steemit as an exhibit to Bittrex, Inc.'s Reply in Support of Motion to Deposit Disputed Cryptocurrency into the Court Registry. Dkt. 25-3.

The Plaintiffs still did not have actual knowledge as to when the Bittrex/Steemit alliance took hold. It was only in Bittrex's Reply in Support of Motion for Approval of Interpleader Bond and Judgment of Interpleader that Bittrex admitted it had been in conversation with a party, that can be fairly assumed to be Steemit, from the beginning. Supplemental Declaration of Kevin Hamilton in Reply in Support of Motion for Approval of Interpleader Bond and Judgment of Interpleader, Dkt 66.

## II. AUTHORITY

A court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend "should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Franks v. Ross, 313 F.3d 184, 193 (4th Cir. 2002), *quoting* Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis in original) (internal quotation and citation omitted).

Discovery has yet to begin in the instant case, and the party Plaintiffs seek to substitute for John Doe is already a party to this litigation. There will not be prejudice to either defendant in the requested amendment. Willis v. Oakes, No. 2:06CV00015, at *4 (W.D. Va. June 9, 2006).

At the time this action was filed, Plaintiffs could have possibly suspected Steemit might make a claim of ownership against their property. Such a claim would be contrary to the public statements of Steemit at the time. Furthermore, a claim on the Plaintiffs Steem would amount to

3

a public statement by Steemit that the property of its members was not secure and that ownership could be "transferred" to another at any moment or for any reason. Such a startling statement could reasonably be expected to result in significant negative impact to Steemit's business model and to the value of the currency it maintains. Plaintiffs did not know who, if anyone, was preventing Bittrex from returning their property. Now they know Bittrex was taking its instruction from Steemit to the detriment of the Plaintiffs.

> When a plaintiff is able to discover the identity of an unnamed defendant, that defendant does not automatically become a party to the action. Instead, the plaintiff must amend his complaint to substitute in the newly named defendant. Bruce v. Smith, 581 F. Supp. 902, 905 (W.D. Va. 1984). Replacing a "John Doe " defendant with a named defendant "amounts to a change of parties" under Rule 15(c) of the Federal Rules of Civil Procedure. Bruce, 581 F. Supp. at 905.

Cadmus v. Frederick Cnty. Sheriff's Office, Civil Action No. 5:15-CV-00053, at *15 (W.D. Va. Sep. 20, 2016), citing Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006). Plaintiffs' Motion for Leave to File Amended Complaint is the appropriate vehicle to accomplish the substitution of Steemit for John Doe.

WHEREFORE, Plaintiffs respectfully request that this Court grant them leave to file the proposed Amended Complaint.

Respectfully submitted this 14th day of June, 2021,

                DANIEL NOTESTEIN
                BLOCKTRADES INTERNATIONAL, LTD.
                ANDREW CHANEY
                SZYMON LAPINSKI
                ADAM DODSON
                ELMER LIN
                DANIEL HENSLEY
                MICHAEL WOLF
                MATHIEU GAGNON
                MARTIN LEES

By: __s/Michelle C. F. Derrico_____
Of Counsel

Michelle C. F. Derrico, Esq. (VSB 34037)
Richard L. Derrico, Esq. (VSB 33442)
Copenhaver, Ellett & Derrico
30 Franklin Road, SW, Suite 200
Roanoke, VA  24011
(540) 343-9349
(540) 342-9258 facsimile
michelle@cecd.roacoxmail.com
rick@cecd.roacoxmail.com
    Counsel for the Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Memorandum in Support of Motion for Leave to File Amended Complaint was served via CM/ECF system, which will send notification of such filing all counsel of record, this 14th day of June, 2021.

_____/s/ Michelle C. F. Derrico_____
Of Counsel
