# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

DANIEL NOTESTEIN, BLOCKTRADES
INTERNATIONAL, LTD., ANDREW
CHANEY, SZYMON LAPINSKI, ADAM
DODSON, ELMER LIN, DANIEL
HENSLEY, MICHAEL WOLF, MATHIEU
GAGNON, and MARTIN LEES,

    Plaintiffs/Counter-
    Defendants,

 v.

BITTREX, INC., and               Civil Action No.: 7:20CV00342

    Defendant/Counter-Plaintiff
    and Counter-Defendant,

J. DOES,

    Defendants.
-----------------------------------------------------------

BITTREX, INC.,

    Defendant/Counter-Plaintiff
    and Counter-Defendant,

 v.

STEEMIT, INC.,

    Third-Party
    Defendant/Counter- and
    Third-Party Plaintiff.
-----------------------------------------------------------

STEEMIT, INC.,

    Third-Party
    Defendant/Counter- and
    Third-Party Plaintiff,

 v.

BITTREX, INC.,

    Defendant/Counter-Plaintiff
    and Counter-Defendant,
    and

JOHN DOES 1-10,

    Third-Party Defendants.

**STEEMIT, INC.'S RESPONSE TO ORDER TO SHOW CAUSE**

Third-Party Defendant/Counter- and Third-Party Plaintiff Steemit, Inc. ("Steemit"), by counsel, hereby submits this response in connection with the Court's Order to Show Cause (the "OSC") (ECF No. 72) and Plaintiffs' submission in response (the "Response") (ECF No. 73).

**I.     INTRODUCTION**

The OSC focuses on Plaintiffs/Counter-Defendants' ("Plaintiffs") claims and asks whether the Court may exercise diversity jurisdiction despite uncertainty around the nature and citizenship of a Cayman entity and the presence of a "Doe" defendant in Plaintiffs' complaint.

On the first issue, Plaintiffs proffer that BlockTrades International, Ltd. ("BlockTrades") is a Cayman *corporation* and thus, it is no impediment to diversity jurisdiction here. Steemit believes more is required to assess the proffer.[1] On the Doe issue, Plaintiffs' argument that they should be permitted discovery to ascertain the identity of the Doe defendant, or alternatively, that the Doe is "nominal" and does not affect diversity, is unavailing. In fact, it is directly contradicted by Plaintiffs' recent motion for leave to amend the complaint (ECF Nos. 74-75) (the "Motion to Amend") in which they now identify Steemit – a known claimant to the digital currency in dispute and an existing party to this case – as the Doe defendant.[2] As such, the Doe defendant has no continuing place in this action and should be dismissed from it.

Regardless of the outcome of the foregoing issues with respect to diversity jurisdiction, it is clear that the Court has and should retain original subject matter jurisdiction over the

---

[1] A web search of BlockTrades International, Ltd. reveals a trademark application by it for "BlockTrades" with the United States Patent and Trademark Office ("USPTO")" that specifically identifies its entity type as a limited liability company (available by search at tmsearch.uspto.gov). This could raise issues as to the citizenship of any BlockTrades' members. Plaintiffs should clarify this issue for the Court and the parties on reply. For the Court's and parties' convenience, a true and correct copy of the search result is attached hereto as Exhibit 1.

[2] Steemit intends to oppose Plaintiffs' motion for leave to amend in a separate filing.

interpleader portion of this action pursuant to 28 U.S.C. § 1335, which requires at least two diverse claimants. Here, jurisdiction over that action is established because Steemit is a Delaware corporation with headquarters in Texas, and none of the plaintiffs are located in either of those states. Competing claimants to assets held by a neutral third-party is the quintessential circumstance where interpleader is warranted, and that action – as to which there is no jurisdictional issue – remains the path forward here.

## II. PROCEDURAL POSTURE AND FACTUAL BACKGROUND

There is no dispute that the cryptocurrency at issue in this litigation was stolen from a Steemit-controlled digital wallet through an illegal hack. *See* ECF Nos. 21, 28. Even Plaintiffs do not dispute that there was a hack, although they take great pains to avoid mentioning this fact. The stolen digital assets were moved by as-yet-unknown hacker(s) to Bittrex, Inc. ("Bittrex").

Plaintiffs initiated this action on June 16, 2020, asserting claims against Bittrex and a Doe defendant. ECF No. 1. Plaintiffs claimed diversity jurisdiction under 28 U.S.C. § 1332 and sought to recover some, but not all, of the digital assets illegally hacked from Steemit and transferred to Bittrex. *Id*. Bittrex answered and also asserted an interpleader counter- and third-party claim against Plaintiffs and Steemit, respectively. ECF Nos. 7, 21.

Steemit answered, making claim to the disputed digital assets. ECF No. 28. Steemit also asserted counterclaims against Bittrex for return of the assets not in dispute (since stayed) and third-party Doe claims against the unknown defendants who perpetrated the hack of the digital assets from the Steemit-controlled wallet. *Id*. Bittrex moved for interpleader deposit, with a bond correlated to the value of the cryptocurrency in dispute here (the "Disputed Steem" ). ECF No. 60. The Court has taken the motion under advisement while it considers the parties' responses to the OSC. ECF Nos. 70, 72.

**III. ARGUMENT**

    **A. BlockTrades Does Not Appear to Destroy Diversity**

In response to the OSC, Plaintiffs proffer that BlockTrades is a Cayman Islands corporation, rather than a limited liability company, partnership, or other form of entity. ECF Nos. 73, 73-1. If correct, Steemit would have no reason to believe that BlockTrades destroys original diversity jurisdiction with respect to Plaintiffs' claims. As noted, however, Steemit is aware of an application by BlockTrades with the USPTO that suggests it may be a Cayman limited liability company. This inconsistency, and the associated citizenship of Blocktrades' members (in the event it is a limited liability company) should be clarified on reply.

    **B. Plaintiffs' Doe Defendant Should Be Dismissed**

Plaintiffs also invite the Court to: (1) allow discovery to ascertain the Doe defendant's identity in order for Plaintiffs to amend their complaint, or (2) consider the Doe defendant "nominal," and thus, "irrelevant to diversity jurisdiction" and "unnecessary to the proper resolution of the controversy." ECF No. 73 at 3-4 (quoting *Howell by Goerdt v. Tribune Entm't Co.*, 106 F.3d 215, 218 (7th Cir. 1997)). The Court should deny both requests.

Mere days after responding to the OSC, Plaintiffs filed the Motion to Amend, seeking to substitute Steemit for the Doe defendant, and negating the entire premise behind each request. ECF No. 74. Contrary to Plaintiffs' assertion in the Response, they can no longer credibly maintain that discovery is required to ascertain the identity of a Doe defendant ***they already purport to have identified***. The same is true of Plaintiffs' request to treat the Doe defendant as nominal. *See Howell*, 106 F.3d at 217-18 (nominal exception inapplicable where identity is known). Here, not only is Plaintiffs' Doe defendant known (and thus not nominal), it is also dispensable because Steemit is *already* a party to the action. *See id.* at 218. The Doe defendant

should thus be dismissed from the case on both accounts. *Id.*; *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) ("[I]t is well-settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time . . . ."); *Miller v. Leavenworth-Jefferson Elec. Coop., Inc.*, 653 F.2d 1378, 1382 (10th Cir. 1981) ("Courts frequently employ Rule 21 to preserve diversity jurisdiction over a case by dropping a nondiverse party if his presence in the action is not required . . . ." (internal quotation and citations omitted)).[3]

### C. The Court Has and Should Retain Statutory Interpleader Jurisdiction

The Court has and should retain jurisdiction over Bittrex's interpleader counter- and third-party claim. This holds true ***even if*** the Court were to dismiss ***all*** of Plaintiffs' claims for lack of diversity. Federal courts routinely retain jurisdiction over counterclaims even in the absence of original jurisdiction over a complaint. *See, e.g.*, *Nat'l Research Bureau, Inc. v. Bartholomew*, 482 F.2d 386, 388-89 (3d Cir. 1973) (where there is an independent jurisdictional basis for it, a "counterclaim must be allowed to proceed without regard to the fate of [the] original claim"); *Gardes Directional Drilling v. U.S. Turnkey Expl., Inc.*, 815 F. Supp. 956, 962 (W.D. La. 1993) (retaining jurisdiction over "incidental claims . . . that present an independent basis for federal subject matter jurisdiction," despite lack of jurisdiction over and dismissal of

---

[3] While Plaintiffs' point to *Macheras v. Center Art Galleries-Hawaii, Inc.*, 776 F. Supp. 1436, 1440 (D. Haw. 1991), as support for the notion that a court should decline to dismiss on jurisdictional grounds despite the presence of a Doe defendant (ECF No. 73 at 5-6), that case is contrary to the weight of authority and has no application here. *Macheras* discussed the discrepancy between 28 U.S.C. § 1332 (diversity) and 28 U.S.C. § 1441 (removal), the latter having been amended so that a Doe defendant in a state action does not preclude removal. Numerous courts addressing the specific issue of Doe defendants in the diversity context, which is the only relevant question here, have rejected the view set forth in *Macheras*. *See, e.g.*, *Schiff v. Kennedy*, 691 F.2d 196, 197 (4th Cir. 1982) (describing distinction between federal question cases and diversity cases when it comes to Doe defendants); *Howell*, 106 F.3d at 218 (Doe defendants "are not permitted in federal diversity suits," absent an exception such as the defendant being nominal); *Lee v. Airgas Mid-South, Inc.*, 793 F.3d 894, 899 (8th Cir. 2015) (affirming dismissal of Doe defendants and explaining that Section 1441 was amended so that a state plaintiff could not prevent removal by adding a Doe defendant).

original interpleader action); *Peerless Ins. Co. v. United States*, 674 F. Supp. 1202, 1206 (E.D. Va. 1987) (dismissing plaintiff's declaratory judgment action for lack of subject matter jurisdiction while retaining jurisdiction over counterclaim "because an independent basis exists for federal jurisdiction.").

For purposes of statutory interpleader jurisdiction, only minimal diversity – that is, two or more diverse claimants – is required. 28 U.S.C. § 1335(a)(1). There is no question that threshold is met here – where Steemit is a Delaware Corporation, headquartered in Texas, and none of the Plaintiffs allege they are citizens of either state. Moreover, because interpleader remains the clear and optimal mechanism for resolving the competing claims to the Disputed Steem here, it effectively displaces the complaint as the relevant jurisdictional inquiry. *See Reliastar Life Ins. Co. of New York v. LeMone*, 2006 WL 733968, at *2 (W.D. Va. Mar. 16, 2006) ("Interpleader actions protect stakeholders from the expense of multiple litigation and multiple liability.") (citing *Equitable Life Assurance Soc. v. Jones*, 679 F.2d 356, 358 (4th Cir. 1982)).

## IV. CONCLUSION

For all these reasons, Steemit requests that the Court enter an order (1) dismissing Plaintiffs' Doe defendant, and (2) confirming that the Court will retain jurisdiction over Bittrex's claim in interpleader. Thereafter, the Court will be free to rule on Bittrex's bond motion and the action in interpleader may proceed in earnest. In ruling on the bond motion, the Court should enter an order enjoining Plaintiffs "from instituting or prosecuting any proceeding" other than claims in interpleader, against either Bittrex or Steemit, insofar as such a proceeding would affect the Disputed Steem. 28 U.S.C. § 2361 (emphasis added).[4]

---

[4] As noted above, Steemit asserted third-party claims against Doe defendants – those who perpetrated the hack of digital currency from a digital wallet Steemit controlled. Since doing so, Steemit has endeavored to ascertain the identities of those Doe defendants, an effort that remains ongoing. Unlike Plaintiffs' Doe, Steemit's Doe defendants do not impair jurisdiction, as this Court has a combination of federal question

Dated: June 22, 2021

Respectfully submitted,

**STEEMIT, INC.**

By: /s/ Michael J. Finney

Michael S. Dicke (Cal. Bar No. 158187)
*(admitted pro hac vice)*
Catherine Kevane (Cal. Bar No. 215501)
*(admitted pro hac vice)*
Jennifer C. Bretan (Cal. Bar. No. 233475)
(*admitted pro hac vice*)
Casey O'Neill (Cal. Bar No. 264406)
*(admitted pro hac vice)*
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94114
Telephone: (415) 875-2300
Fax: (415) 281-1350
mdicke@fenwick.com
ckevane@fenwick.com
jbretan@fenwick.com
coneill@fenwick.com

Michael J. Finney (VSB No. 78484)
GENTRY LOCKE
10 Franklin Road S.E., Suite 900
P.O. Box 40013
Roanoke, Virginia 24022-0013
Phone: (540) 983-9300
Fax: (540) 983-9400
finney@gentrylocke.com

*Counsel for Steemit, Inc.*

---

jurisdiction and supplemental jurisdiction over them, given that one of Steemit's third-party claims arises under the Computer Fraud & Abuse Act, 18 U.S.C. § 1030. For that reason, Steemit's Doe claims do not raise the same jurisdictional concerns as did Plaintiffs' Doe defendant. *See Howell*, 106 F.3d at 218.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of June 2021, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which provided electronic service to all counsel of record.

/s/ Michael J. Finney