IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DANIEL NOTESTEIN, BLOCKTRADES
INTERNATIONAL, LTD., ANDREW
CHANEY, SZYMON LAPINSKI, ADAM
DODSON, ELMER LIN, DANIEL HENSLEY,
MICHAEL WOLF, MATHIEU GAGNON, and
MARTIN LEES,

        Plaintiffs/Counter-Defendants,

v.

BITTREX, INC.,

        Defendant/Counter-Plaintiff

J. DOES, and

        Defendants

STEEMIT, INC.

        Third-Party Defendant

Civil Action No. 7:20-cv-00342

## BITTREX, INC.'S RESPONSE TO PLAINTIFFS' MEMORANDUM IN RESPONSE TO ORDER TO SHOW CAUSE

Defendant/Counter-Plaintiff Bittrex Inc. ("Bittrex") respectfully submits this response to the Court's Order to Show Cause (Dkt. 72) and Plaintiffs' response thereto (Dkt. 73). Bittrex takes no position as to the merits of Plaintiffs' jurisdictional arguments. However, in the event the Court determines diversity jurisdiction is lacking, Plaintiffs' failure to establish diversity jurisdiction should only be fatal to Plaintiffs' claims, and not to Bittrex's interpleader counterclaim. Rather, the Court should retain jurisdiction over Bittrex's interpleader counterclaim because it presents an independent basis for subject matter jurisdiction, and the Court may therefore adjudicate it as if it were an original claim despite the dismissal of the Plaintiffs' claims.

## I. FACTUAL BACKGROUND

Plaintiffs' response to the Court's Order to Show Cause is replete with factual inaccuracies and unsubstantiated allegations directed at Bittrex. While much of Plaintiffs' factual narrative is not responsive to the Court's questions regarding diversity jurisdiction, Bittrex is inclined to briefly respond to Plaintiffs' unsupported allegations of wrongdoing.

As an initial matter, Bittrex strongly contests Plaintiffs' suggestion that Bittrex committed any wrongdoing by "refus[ing] to return [Plaintiffs'] property to the Plaintiffs' control" or by "refus[ing] to tell the Plaintiffs if any other party was making a claim to the community 321 account." Dkt. 73 at 2. Significantly, and as became clear during the hearing on Bittrex's Motion for Approval of Interpleader Bond (Dkts. 60 & 61), Bittrex's refusal to return the property to Plaintiffs was a necessary step in pursuing interpleader relief (and thus not actionable), and Plaintiffs remain unable to identify *any* duty breached by Bittrex that would support liability for any alleged refusal to communicate with Plaintiffs in the manner they preferred. In short, and as discussed at length throughout Bittrex's interpleader briefing, Plaintiffs' substantive claims are clearly devoid of any merit. *See* Dkts. 7, 15, 23, 61, 65. The fact that Plaintiffs are still unable to articulate exactly what Bittrex did or did not do to violate any specific duties owed to Plaintiffs speaks volumes at this point, as Plaintiffs have had over a year to develop their theories of liability.[1]

Contrary to Plaintiffs' contentions, Bittrex remains a party firmly stuck in the middle of a dispute in which it has no material involvement or interest. Bittrex's only relationship to this case, as Plaintiffs essentially concede, is its current possession of certain units of Steem and

---

WOODS ROGERS PLC
ATTORNEYS AT LAW

[1] Additionally, Bittrex strongly objects to Plaintiffs' assertion that "Bittrex made a claim of ownership [to the Disputed Steem] on behalf of Steemit[.]" Dkt. 73 at 2. At no point has Bittrex made any "claim of ownership" on behalf of Third-Party Defendant Steemit, Inc. ("Steemit") or any other claimant. Rather, Bittrex has affirmatively and repeatedly disclaimed any interest in the property, and instead sought to interplead it.

Steem-Backed Dollars (collectively, the "Disputed Steem") over which Plaintiffs and Steemit have asserted competing claims of ownership. Bittrex asserts no claim over the Disputed Steem and is ready and willing to provide the Disputed Steem to its rightful owner. However, as a result of the competing claims, Bittrex is unable to make a determination as to ownership without potentially exposing itself to double or multiple liability. Accordingly, because Bittrex simply wishes the Court to instruct Bittrex as to which claimant is the rightful owner of the Disputed Steem, Bittrex is properly seeking interpleader relief in this action.

## II. ARGUMENT

**A.     The Court Has Original Jurisdiction Over Bittrex's Interpleader Counterclaim**

As the Court is aware, Bittrex is asserting statutory interpleader under 28 U.S.C. § 1335 by way of compulsory counterclaim. *See* Dkt. 7 at 7-12; *see also Ciechanowicz v. Bowery Sav. Bank*, 19 F.R.D. 367, 368 (S.D. N.Y. 1956) (interpleader counterclaim treated as compulsory); 7 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1708 (3d ed. 2021). For purposes of statutory interpleader, district courts have original jurisdiction over interpleader actions or counterclaims if: (1) the amount in dispute exceeds $500; (2) there are two or more adverse claimants of diverse citizenship; and (3) the plaintiff deposits the money or property in dispute into the registry of the court or posts an adequate bond. 28 U.S.C. § 1335(a). Section 1335 has been "uniformly construed" to require only "minimal diversity"—that is, "diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens." *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967); *Allstate Life Ins. Co. v. Ellett*, No. 2:14cv372, 2015 WL 500171, at *2 (E.D. Va. Feb. 4, 2015).

WOODS ROGERS PLC
ATTORNEYS AT LAW

As set forth in Bittrex's interpleader briefing, the jurisdictional requirements of Section 1335(a) are satisfied here:

(1) Bittrex has possession of the Disputed Steem, which Plaintiffs allege has a value in excess of $500;

(2) There are at least two adverse claimants of diverse citizenship as defined in 28 U.S.C. § 1332 who are claiming or may claim to be entitled to the Disputed Steem—Plaintiffs are residents of Virginia, Louisiana, and various foreign jurisdictions (*see* Dkt. 1 ¶¶ 1-11) and Steemit is a Delaware corporation with its principal place of business in Austin, Texas; and

(3) Bittrex is prepared to post a bond in the amount of $3,940,376.70 in satisfaction of its statutory interpleader obligations. Dkts. 61 & 65; *see also Am. United Life Ins. Co. v. Mays*, No. 2:17CV99, 2017 WL 3262251, at *3 (E.D. Va. July 31, 2017) (requirements of statutory interpleader met where "Plaintiffs have asserted that they stand ready to deposit the Benefits with the court, as is required under statutory, but not rule, interpleader."); *Banner Life Ins. Co. v. Jones*, No. 2:11CV63, 2011 WL 4565352, at *7 (E.D. Va. Sept. 29, 2011) (requirements of statutory interpleader met where **"**Banner Life has asserted that it stands ready to deposit the $100,000 in Policy proceeds with the Court, which is required under 28 U.S.C. § 1335, although not under Rule 22.").

*See* Dkts. 7 at ¶ 15; 15 at 7-8; 61 at 8-9. Accordingly, this Court has original jurisdiction over Bittrex's interpleader counterclaim.

**B.** **If the Court Concludes it Does Not Have Subject Matter Jurisdiction Over Plaintiffs' Claims, the Court Should Dismiss Only Plaintiffs' Claims and Retain Jurisdiction Over Bittrex's Interpleader Counterclaim**

In the Court's Order to Show Cause, the Court requested that Plaintiffs clarify two issues relating to their allegation that the Court has diversity jurisdiction over this action. Dkt. 72 at 1. As noted, Bittrex takes no position as to the merits or adequacy of Plaintiffs' response to the Court's jurisdictional inquiries. However, if the Court ultimately concludes that Plaintiffs have failed to establish diversity jurisdiction or that subject matter jurisdiction is otherwise lacking over Plaintiffs' claims, Bittrex respectfully requests that the Court dismiss *only* Plaintiffs' claims, as opposed to the entire action, and retain jurisdiction over Bittrex's interpleader counterclaim.

The Court should retain jurisdiction over Bittrex's interpleader counterclaim because "an independent basis exists for federal jurisdiction"—i.e., Section 1335(a). *Peerless Ins. Co. v. United States*, 674 F. Supp. 1202, 1205-06 (E.D. Va. Dec. 7, 1987); *see also Blackmon Auctions, Inc. v. Van Buren Truck Ctr., Inc.*, 901 F. Supp. 287, 289 (W.D. Ark. 1995) ("The Federal Interpleader Act provides an independent basis for federal jurisdiction when there is minimal diversity between the claimants, *i.e.,* when at least two of the claimants are citizens of different states." (citing *Tashire,* 386 U.S. at 530)).

Generally, where a court lacks subject matter jurisdiction over a plaintiff's original claims, the court cannot then proceed to adjudicate incidental claims over which it has no independent jurisdiction. 28 U.S.C. § 1367. However, it is well-established that, "when the incidental claims present an independent basis of subject matter jurisdiction, the court may adjudicate it as if it were an original claim despite the dismissal of the plaintiff's claim" for lack of subject matter jurisdiction. *Gardes Directional Drilling v. U.S. Turnkey Exploration, Inc.*, 815 F. Supp. 956, 962 (W.D. La. 1993) (following dismissal of interpleader action for lack of subject matter jurisdiction, court retained jurisdiction over "incidental claims in the interpleader action that present an independent basis for federal subject matter jurisdiction."); *Haberman v. Equitable Life Assur. Soc. of the U.S.*, 224 F.2d 401, 409 (5th Cir. 1955) ("[E]ven if the complaint be dismissed, a compulsory counterclaim is not required to be dismissed where it is supported by a proper ground of federal jurisdiction.").

For example, in *Peerless Insurance Company v. United States*, the district court dismissed the plaintiff's declaratory judgment action for lack of subject matter jurisdiction, but expressly retained jurisdiction over the Government's counterclaim "because an independent basis exists for federal jurisdiction." 674 F. Supp. at 1205-06 (citing 28 U.S.C. § 1345 and 28

WOODS ROGERS PLC
ATTORNEYS AT LAW

U.S.C. § 1352). Here, similarly to the government's counterclaim in *Peerless*, Bittrex's interpleader counterclaim presents an independent basis for subject matter jurisdiction under Section 1335(a). Accordingly, even if the Court finds that it lacks subject matter jurisdiction over Plaintiffs' underlying claims, the Court should retain jurisdiction over Bittrex's interpleader counterclaim. *See Nat'l Research Bureau, Inc. v. Bartholomew*, 482 F.2d 386, 388–89 (3d Cir. 1973) (proper for district court to retain jurisdiction after plaintiff's claim dismissed in antitrust action where counterclaim had independent grounds for federal jurisdiction); *cf. DHL Corp. v. Loomis Courier Serv.,* 522 F.2d 982, 985 (9th Cir. 1975) (all counterclaims dismissed where none had federal jurisdictional basis independent of complaint).

In addition, retaining jurisdiction over Bittrex's interpleader counterclaim is not only jurisdictionally proper, but it will further the policies of judicial economy, convenience, and fairness to litigants. At this point in the proceedings, the interpleader issue has been fully briefed and argued by the parties, and the Court is well-versed in the relevant facts, including the complexities that cryptocurrency presents with respect to an interpleader action. Moreover, because Bittrex faces the possibility of multiple lawsuits relating to the Disputed Steem, Bittrex intends to pursue interpleader relief *regardless* of whether Plaintiffs' continue to pursue their claims before this Court or in a different forum. Under these circumstances, retaining jurisdiction over Bittrex's interpleader counterclaim—for which this Court has independent jurisdiction—would best serve judicial economy, as well as fairness and convenience to the parties. *See Bartholomew*, 482 F.2d at 389 ("But where, as here, jurisdiction is independent, the counterclaim must be allowed to proceed without regard to the fate of the original claim, and it was error to dismiss it out of hand. There is no justification for putting the plaintiff in counterclaim to the

WOODS ROGERS PLC
ATTORNEYS AT LAW

expense, effort and risk of refiling his claim and attempting to re-establish personal jurisdiction over the opposing party.").

### III. CONCLUSION

In sum, the Court's ruling on the Order to Show Cause should have no impact on Bittrex's interpleader counterclaim. If the Court finds that Plaintiffs have adequately pled diversity jurisdiction, then the Court may proceed to ruling on Bittrex's Motion for Approval of Interpleader Bond and Entry of Interpleader Judgment (Dkts. 60 & 61). And, if the Court determines that diversity jurisdiction is in fact lacking, the Court may still retain jurisdiction over Bittrex's interpleader counterclaim and resolve Bittrex's pending motion for interpleader relief.

DATED this 22nd day of June, 2021.

Respectfully submitted,

WOODS ROGERS PLC

J. Benjamin Rottenborn (VSB No. 84796)
10 South Jefferson Street, Suite 1400
Roanoke, Virginia 24011
Phone: (540) 983-7540
brottenborn@woodsrogers.com

AND

McNAUL EBEL NAWROT & HELGREN PLLC

By: s/ Gregory J. Hollon
Gregory J. Hollon, *Pro Hac Vice*
Claire Martirosian, *Pro Hac Vice*
600 University Street, Suite 2700
Seattle, Washington 98101
Phone: (206) 467-1816
ghollon@mcnaul.com
cmartirosian@mcnaul.com

*Counsel for Defendant Bittrex, Inc.*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a true and correct copy of the foregoing was served via the CM/ECF system on the individuals listed below on June 22, 2021:

Michelle C. F. Derrico, Esq. (VSB 34037)
Richard L. Derrico, Esq. (VSB 33442)
Copenhaver, Ellett & Derrico
30 Franklin Road, SW, Suite 200
Roanoke, VA 24011
(540) 343-9349
(540) 342-9258 Facsimile
michelle@cecd.roacoxmail.com
rick@cecd.roacoxmail.com

*Counsel for Plaintiffs*

By: s/ Gregory J. Hollon
    Gregory J. Hollon, *Pro Hac Vice*
    *Counsel for Defendant Bittrex, Inc.*