IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DANIEL NOTESTEIN, BLOCKTRADES INTERNATIONAL, LTD., ANDREW CHANEY, SZYMON LAPINSKI, ADAM DODSON, ELMER LIN, DANIEL HENSLEY, MICHAEL WOLF, MATHIEU GAGNON, and MARTIN LEES, | |
|         Plaintiffs/Counter-Defendants, | |
| v. | Civil Action No. 7:20-cv-00342 |
| BITTREX, INC., | |
|         Defendant/Counter-Plaintiff | |
| J. DOES, and | |
|         Defendants | |
| STEEMIT, INC. | |
|         Third-Party Defendant | |

**BITTREX, INC.'S RESPONSE TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Defendant/Counter-Plaintiff Bittrex, Inc. ("Bittrex") respectfully submits this short response to Plaintiffs' Motion for Leave to File Amended Complaint (the "Motion").[1] Dkts. 73 & 74. After Bittrex's interpleader motion has been fully briefed and argued, Plaintiffs seek leave to amend their Complaint to substitute "[Third-Party Defendant] Steemit for John Doe." Dkt. 75 at 4. Bittrex opposes Plaintiffs' Motion because the proposed amendment would be futile and moot in light of the interpleader remedy sought by Bittrex. In particular, as made clear in Bittrex's

---

WOODS ROGERS PLC
ATTORNEYS AT LAW

[1] The factual narrative contained in Plaintiffs' Motion generally mirrors the narrative in Plaintiffs' recently filed Response to the Court's Order to Show Cause. *Compare* Dkt. 73 at 1–3 *with* Dkt. 75 at 1–3. Rather than again address the many factual inaccuracies and unsubstantiated allegations contained in Plaintiffs' Motion, Bittrex refers the Court to its Response to Plaintiffs' Memorandum in Response to Order to Show Cause, which Bittrex hereby incorporates by reference. *See* Dkt. 77 at 2–3.

interpleader motion, Plaintiff has not and cannot articulate any claims against Bittrex that are independent of Bittrex's necessary actions in maintaining possession of the disputed cryptocurrency in order to effectuate the interpleader remedy.

## I. ARGUMENT

This Court may deny a motion to amend if allowing the amendment would be futile. *In re PEC Solutions, Inc. Sec. Litig.,* 418 F.3d 379, 391 (4th Cir. 2005) ("Leave to amend need not be given when amendment would be futile."). For a motion to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 510–11 (4th Cir. 1986) (citing *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir. 1980)); *Yelverton v. Fox*, 997 F. Supp. 2d 1, 4 n.3 (D.D.C. 2013) (amendment is futile "'if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss.'" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). While leave to amend is generally granted "when justice so requires," Federal Rule of Civil Procedure 15(a)(2), "[t]he liberal amendment rules of [Rule] 15(a) do not require that courts indulge in futile gestures." *DeLoach v. Woodley*, 405 F.2d 496, 496–97 (5th Cir. 1968).

Here, the Court should deny Plaintiffs' Motion because amendment would be futile with respect to both Plaintiffs' meritless claims against Bittrex and Bittrex's interpleader counterclaim. Plaintiffs' proposed amendment alleges no new facts or legal theories that would impact Bittrex's entitlement to statutory interpleader. Moreover, the interpleader issue has been fully briefed and argued by the parties and, if the interpleader remedy sought by Bittrex is granted (which Bittrex submits it should be), Bittrex will have no further substantive involvement in this action. Finally, Plaintiffs cannot identify any actions by Bittrex that breach

WOODS ROGERS PLC
ATTORNEYS AT LAW

any duty owed to Plaintiffs; instead, all of the acts of which Plaintiffs complain—including in the proposed amended complaint—were appropriate and necessary to effectuate the interpleader remedy. As such, Plaintiffs' amended complaint provides no basis for Plaintiffs to drag Bittrex—a neutral stakeholder—into or through this litigation.

## II.  CONCLUSION

For the above reasons, Bittrex respectfully requests that the Court deny Plaintiffs' Motion for Leave to File Amended Complaint (Dkt. 74).

DATED this 28th day of June, 2021.

Respectfully submitted,

WOODS ROGERS PLC

    J. Benjamin Rottenborn (VSB No. 84796)
    10 South Jefferson Street, Suite 1400
    Roanoke, Virginia 24011
    Phone: (540) 983-7540
    brottenborn@woodsrogers.com

AND

McNAUL EBEL NAWROT & HELGREN PLLC

By:  s/ Gregory J. Hollon
    Gregory J. Hollon, *Pro Hac Vice*
    Claire Martirosian, *Pro Hac Vice*
    600 University Street, Suite 2700
    Seattle, Washington 98101
    Phone:  (206) 467-1816
    ghollon@mcnaul.com
    cmartirosian@mcnaul.com

*Counsel for Defendant Bittrex, Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing was served via the CM/ECF system on the individuals listed below on June 28, 2021:

Michelle C. F. Derrico, Esq. (VSB 34037)
Richard L. Derrico, Esq. (VSB 33442)
Copenhaver, Ellett & Derrico
30 Franklin Road, SW, Suite 200
Roanoke, VA 24011
(540) 343-9349
(540) 342-9258 Facsimile
michelle@cecd.roacoxmail.com
rick@cecd.roacoxmail.com

*Counsel for Plaintiffs*

By: s/ Gregory J. Hollon
Gregory J. Hollon, *Pro Hac Vice*
*Counsel for Defendant Bittrex, Inc.*