IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DANIEL NOTESTEIN,<br>BLOCKTRADES INTERNATIONAL, LTD.,<br>ANDREW CHANEY,<br>SZYMON LAPINSKI,<br>ADAM DODSON,<br>ELMER LIN,<br>DANIEL HENSLEY,<br>MICHAEL WOLF,<br>MATHIEU GAGNON, and<br>MARTIN LEES<br><br>   Plaintiffs<br><br>v.<br><br>BITTREX, INC.,<br>and<br>J. DOE<br><br>   Defendants<br><br>and<br><br>STEEMIT, INC.<br><br>   Third-Party Defendants | Civil Action No.: 7:20-cv-000342 |

**REPLY MEMORANDUM IN RESPONSE TO SHOW CAUSE**

Now come the Plaintiffs, by counsel, and hereby file their Reply Memorandum in Response to Show Cause as follows:

**I. Factual Assertions of the Parties**

Both Bittrex, Inc. ("Bittrex") and Steemit, Inc. ("Steemit") begin their responses with a discussion of facts. Steemit asserts there "is no dispute" regarding some of the facts. Dkt. 76, p. 2. Plaintiffs disagree with this assertion. The facts of this case are in dispute. The assertions of the parties are simply that. Plaintiffs' Memorandum in Response to Order to Show Cause sets out facts

alleged by the parties in order to demonstrate how and when the Plaintiffs learned the positions of the parties, as well as why they opted not to file suit against Steemit without knowing its involvement.

## II. BlockTrades International, Ltd. is a Corporation

BlockTrades International, Ltd. ("BlockTrades") provided the Court with a certified copy of its certificate of incorporation. Steemit questions the status of BlockTrades, based upon what appears to be an abandoned request to the United States Patent and Trademark Office.

BlockTrades is a corporation. The United States Patent and Trademark Office application contained an error in describing the limited liability entity as a Limited Liability Company. See Declaration of Donna Mitchell, attached.

As a corporation, BlockTrades does not have members; it has shareholders. However, should the Court decide that BlockTrades has failed to prove its corporate existence, the sole shareholders/"members" are residents of the Western District of Virginia. Id. Accordingly, BlockTrades does not impact the diversity jurisdiction of the Court.

## III. The Doe Defendant Does Not Destroy Diversity in this Case

Steemit argues that, because the identity of J. Doe is now known to be Steemit, J. Doe was not a nominal party at the time this action was filed. In so doing, Steemit asks the Court to attribute to Plaintiffs' knowledge they did not have at the time this action was commenced. Plaintiffs should not have been expected to name a party to litigation without having information regarding the tortious actions that party took. It is based upon the assertions of Bittrex and Steemit made in their pleadings in this action that the Plaintiffs now realize Steemit is a tortfeasor who should be included in this litigation.

> Generally speaking, Doe Defendants are considered nominal when they are included in the complaint "in the event that during discovery [a plaintiff] identifie[s]

any additional defendants he wishe[s] to add to the suit." Moore v. General Motors Pension Plans, 91 F.3d 848, 850 (7th Cir. 1996). On the other hand, Doe Defendants are not nominal if they are included because "the plaintiff knows that there are specific additional defendants he wishes to sue, but is simply uncertain as to their names." Id.

Commonwealth Property Advocates v. Ocwen Loan Servicing, No. 2:10-CV-86 CW, at *2 (D. Utah Apr. 29, 2010). [1]

The relevant time to assess whether J. Doe is a known or nominal party is at the time the action was filed. Freeport-McMoran Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991); *see also* Howell v. Tribune Entertainment Co., 106 F.3d 215, 217 (7th Cir. 1997). When this action was filed, the Plaintiffs did not know Bittrex was acting in concert with Steemit. J. Doe is a nominal party in this action.

WHEREFORE, Plaintiffs respectfully request that this Court maintain jurisdiction of this action.

Respectfully submitted this 5th day of July, 2021,

        DANIEL NOTESTEIN
        BLOCKTRADES INTERNATIONAL, LTD.
        ANDREW CHANEY
        SZYMON LAPINSKI
        ADAM DODSON
        ELMER LIN
        DANIEL HENSLEY
        MICHAEL WOLF
        MATHIEU GAGNON
        MARTIN LEES

By: __s/Michelle C. F. Derrico_____
     Of Counsel

---

[1] Plaintiffs' Memorandum in Response to Order to Show Cause, Dkt. 73, p. 4 inadvertently identified the source of this quotation as Lee v. Airgas-Mid S., Inc., 793 F.3d 894 (8th Cir. 2015).

Michelle C. F. Derrico, Esq. (VSB 34037)
Richard L. Derrico, Esq. (VSB 33442)
Copenhaver, Ellett & Derrico
30 Franklin Road, SW, Suite 200
Roanoke, VA  24011
(540) 343-9349
(540) 342-9258 facsimile
michelle@cecd.roacoxmail.com
rick@cecd.roacoxmail.com
       Counsel for the Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Reply Memorandum in Response to Show Cause was served via CM/ECF system, which will send notification of such filing all counsel of record, this 5th day of July, 2021.

                                _____/s/ Michelle C. F. Derrico_____
                                            Of Counsel