IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DANIEL NOTESTEIN, <br> BLOCKTRADES INTERNATIONAL, LTD., <br> ANDREW CHANEY, <br> SZYMON LAPINSKI, <br> ADAM DODSON, <br> ELMER LIN, <br> DANIEL HENSLEY, <br> MICHAEL WOLF, <br> MATHIEU GAGNON, and <br> MARTIN LEES <br><br>     Plaintiffs <br><br> v. <br><br> BITTREX, INC., <br> and <br> J. DOE <br><br>     Defendants <br><br> and <br><br> STEEMIT, INC. <br><br>     Third-Party Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No.: 7:20-cv-000342 |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT**

Now come the Plaintiffs, by counsel, and files this their Reply Memorandum in Support of Motion for Leave to File Amended Complaint and in support, show the following:

**I. Factual Assertions of The Parties**

Both Steemit, Inc. ("Steemit") and Bittrex, Inc. ("Bittrex") have made numerous assertions of facts during the course of the recent series of motions regarding the pleadings. The Court has been asked to find some assertions are undisputed facts and has been asked to accept others on

their face. Some of these assertions are actively disputed by the Plaintiffs. Plaintiffs do not have sufficient information to judge the accuracy of others of the assertions in the absence of discovery. In asking the Court to accept their assertions as undisputed fact, both Steemit and Bittrex have asked the Court to grant summary judgment on their behalf.

> "Consideration of extrinsic documents by a court during the pleading stage of litigation improperly converts the motion to dismiss into a motion for summary judgment. This conversion is not appropriate when the parties have not had an opportunity to conduct reasonable discovery." Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597, 606 (4th Cir. 2015). And although the district court may consider documents attached to the complaint if they are intrinsic to the complaint and integral to proving the sufficiency of that complaint, Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006), any other consideration of documents outside the pleadings requires conversion of the motion to dismiss to a motion for summary judgment.

Lowe v. Johnson, No. 19-6353, at *3-4 (4th Cir. Mar. 17, 2020).

The conversion of a motion to dismiss into a motion for summary judgment requires notice to the parties and a "reasonable opportunity" to present relevant material to the motion. F.R.C.P. 12(d).

> "[T]he term reasonable opportunity requires that all parties be given some indication by the court that it is treating the 12(b)(6) motion as a motion for summary judgment, with the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery." Gay v. Wall, 761 F.2d 175, 177 (4th Cir. 1985) (internal quotation marks and citations omitted).

Logar v. West Virginia Univ. Bd. of Governors, 493 F. App'x 460, 3-4 (4th Cir. 2012).

The assertions of fact by Bittrex and Steemit made in the instant Motion, as well as in Bittrex's Motion for Dismissal, are merely assertions. Plaintiffs repeat their request to receive information in discovery before assertions are found to be undisputed facts.

## II. The Proposed Amendment is Not Futile.

### A. Conversion

### 1) Theft of Property is Conversion.

Paragraph 15 of the proposed Amended Complaint asserts Plaintiffs' ownership of Steem and Steem Backed Dollars. Paragraph 16 states: "On May 20, 2020, in retribution for the objections, Steemit transferred the Steem in sixty five accounts to a single Steem account called 'community321'". Paragraphs 18 through 22 describe the efforts of the Plaintiffs to obtain return of their property as well as the consolidated actions of Bittrex and Steemit to obstruct those efforts. Dkt 74-1, p. 2-3.

The Plaintiffs have alleged more wrongdoing by Steemit than merely making a claim in an interpleader action. Plaintiffs have alleged Steemit stole their property, moved it to a location of Steemit's choosing, and then, when Steemit lost control of the property, Steemit interfered with the lawful return of Plaintiffs' property.

> An allegation of the tort of conversion asserts a "wrongful exercise or assumption of authority . . . over another's goods, depriving him of their possession; [and any] act of dominion wrongfully exerted over property in denial of the owner's right, or inconsistent with it." Universal C.I.T. Credit Corp. v. Kaplan, 198 Va. 67, 75, 92 S.E.2d 359, 365 (1956).

Hairston Motor Company v. Newsome, 253 Va. 129, 135, 480 S.E.2d 741, ___ (1997). Theft of property is conversion, even when the theft is interrupted, because

> [l]arceny is a continuing offense. Commonwealth v. Cousins, 29 Va. (2 Leigh) 708 (1830)."[W]here property has been feloniously taken, every act of removal or change of possession by the thief constitute[s] a new taking and asportation; and, as the right of possession, as well as the right of property, continues in the owner, every such act is a new violation of the owner's right of property and possession." Dunlavey v. Commonwealth, 184 Va. 521, 527, 35 S.E.2d 763, 766 (1945) (*quoting* Strouther v. Commonwealth, 92 Va. 789, 791, 22 S.E. 852, 791 (1895)).

Williams v. Commonwealth, 53 Va. App. 50, 60, 669 S.E.2d 354, ___ (2008).

**2) Intangible Property may be Subject to Conversion.**

Steemit cites two cases, both out of context, for its theory that intangible property cannot be subject to conversion. United Leasing Corp. v. Thrift Ins. Corp., 247 Va. 299, 440 S.E.2d 902 (1994) involved a loan that was secured by stocks owned by the borrower's parents. Unknown to the lender, the borrower forged his parents' signatures on the false stock certificate used to secure the loan, as well as on several other related documents of transfer. The lender then sued the borrower for conversion of the stock shares. The reference of the Supreme Court of Virginia to "undocumented intangible property rights", which is referenced by Steemit, was a statement by the Court that a party cannot make a claim of conversion unless they can make a showing of ownership. The lender's inability to show ownership of property belonging to a non-party that was neither owned by the borrower nor legally transferred was fatal to the lender's case. Id. at, 306; 906. The Plaintiffs in the instant case have done so.

The proceeds of a settlement can be subject of an action for conversion. PGI, Inc. v. Rathe Productions, Inc., 265 Va. 334, 344; 576 S.E.2d 438, 443 (2003). There is a common law duty not to convert property of another. This duty applies when the property is money or tangible property. Pre-Fab Steel Erectors, Inc. v. Stephens, No. 6:08-CV-00039, at *20-21 (W.D. Va. Apr. 1, 2009), *citing* Combined Insurance Company of America v. Wiest, 578 F. Supp. 2d 822, 833 (W.D. Va. 2008). Conversion also applies when improper charges result in funds being transferred to another account.

> Unlike the situation in United Leasing Corp., the plaintiff's claim here indicates that it had a right to its funds at the moment of the alleged conversion. Because this is sufficient to state a cause of action under Virginia law, the court will deny the defendants' motion to dismiss on this ground.

Raleigh Radiology, Inc. v. Eggleston Eggleston, Civil Action No. 7:09-CV-00334, at *5-7 (W.D. Va. Nov. 10, 2009). The instant Plaintiffs have clearly stated they had a right to their property at

the time it was converted by Steemit and Bittrex. Paragraph 18 of the proposed Amended Complaint asserts the Plaintiffs provided Bittrex with proof of ownership. Dkt. 74-1, p. 3.

Steemit also cites <u>Mackey v. McDannald</u>, 298 Va. 645, 842 S.E.2d 379 (2020) for the concept that intangible rights cannot be subject to a conversion claim. However, in that case, the Supreme Court of Virginia upheld a claim of conversion relating to stock. <u>Id.</u>, at 662, 390. The point the Virginia Court made is that a complaint must allege a credible right of ownership to support a conversion claim. Again, Paragraph 18 of the proposed Amended Complaint asserts the Plaintiffs provided Bittrex with proof of ownership. Dkt. 74-1, p. 3.

**B. Business Conspiracy**

**1) Virginia does not Deny Access to Business Conspiracy Claims to Individuals.**

Steemit cites a single case in support of its theory that individuals can never avail themselves of Virginia's business conspiracy statute, Va. Code Ann. §§ 18.2-499, 18.2-500. The case cited does not support that assertion. It finds the business conspiracy statute does not apply to defamation claims. "Virginia's business conspiracy statute was not designed to provide treble damages for defamation suits cloaked as conspiracy claims." <u>Shirvinski v. United States Coast Guard</u>, 673 F.3d 308, 321 (4th Cir. 2012).

There is not case law stating an individual can never find relief under Virginia's business conspiracy statute. There are; however, cases that refer in passing to property as analogous to business. <u>Bhattacharya v. Murray</u>, No. 3:19-cv-00054, at *37-38 (W.D. Va. Mar. 31, 2021); <u>Godbolt v. Trinity Prot. Servs., Inc.</u>, Case No.: GJH-14-3546, at *10-12 (D. Md. Mar. 14, 2016). This case involves property, and therefore; it involves the business of the Plaintiffs.

In a footnote, Steemit asks the Court to find, contrary to the plain statement contained in Paragraph 15 of the proposed Amended Complaint, that BlockTrades does not own any of the

5

Steem which is the subject of this action. Dkt. 79, p. 11, fn 14. The idea that a stockholder of a closely held corporation may refer to themselves as the beneficial owner of the corporation's property does not pierce the corporate veil or void the corporation's ownership.

**2) Conversion of Property is an Unlawful Act.**

Plaintiffs' claims against Steemit and Bittrex are not merely complaints that an interpleader action has been filed. Paragraph 15 of the proposed Amended Complaint asserts Plaintiffs' ownership of Steem and Steem Backed Dollars. Paragraph 16 states: "On May 20, 2020, in retribution for the objections, Steemit transferred the Steem in sixty five accounts to a single Steem account called "community321". Paragraphs 18 through 22 describe the efforts of the Plaintiffs to obtain return of their property as well as the consolidated actions of Bittrex and Steemit to obstruct those efforts. Dkt 74-1, p. 2-3.

The proposed Amended Complaint clearly sets out a claim of conversion, or larceny. Steemit asks to Court to find different facts. That is a request for summary judgment without benefit of discovery and outside the scope of the Motion for Leave to File Amended Complaint.

**3) The Proposed Amended Complaint Alleges Concerted Action.**

Again, Steemit asks the Court to find facts other than those contained in the pleadings when it asks the Court to find no concert of action between it and Bittrex. The proposed Amended Complaint describes Bittrex doing the bidding of Steemit in Steemit's effort to steal property from the Plaintiffs. Steemit ignores these facts when it asserts the only allegation in the proposed Amended Complaint is that it made a claim under an interpleader.

**C. The Plaintiffs' Claims Should Not be Enjoined.**

Plaintiffs stand on their previous argument that their claims should not be enjoined. Plaintiffs would further point out to the Court that Bittrex has acknowledged claimants other than

the parties to this litigation. Supplemental Declaration of Kevin Hamilton in Support of Bittrex, Inc.'s Motion for Approval of Interpleader Bond and Judgment of Interpleader ("Supplemental Declaration"), Dkt. 66, p. 2, paragraph 7. The request for injunction, along with Steemit's request for an award of "undisputed Steem" would permanently deny these parties the opportunity for return of their property.

### III. THE MOTION FOR LEAVE TO FILE AMENDED COMPLAINT IS NOT IN BAD FAITH.

Steemit asks the Court to find that the only tortious action it took against the Plaintiffs is a claim in interpleader, contrary to the assertions in the proposed Amended Complaint. Accordingly, Steemit alleges Plaintiffs were aware of its claim to their property in September, 2020. That is indeed when Steemit made its first public claim to Plaintiffs' property. However, it was not until they received Supplemental Declaration, Dkt. 66, on March 29, 2021, that Plaintiffs were aware that Steemit conspired with Bittrex. Among other actions, Steemit instructed Bittrex not to release their property, informed Bittrex they **might** be making a claim, and instructed Bittrex not to tell the Plaintiffs their identity or their possible claim; thereby forcing the instant litigation.

Rather than the less than nine months notice that Steemit alleges, there were fewer than three months between the Supplemental Declaration and the filing of the Motion for Leave to File Amended Complaint, Dkt 74, filed June 14, 2021. "[T]he filing of the Second Amended Complaint, less than three months after entry of the . . . Decision, could hardly have prejudiced the defendants." Franks v. Ross, 313 F.3d 184, 193 (4th Cir. 2002). Steemit invites the Court to commit error by using the date it publicly claimed the Plaintiffs' property rather than the date Plaintiffs became aware Steemit was a co-conspirator. Id.

## IV. CONCLUSION

Leave to amend should be granted freely when justice so requires. F.R.C.P 15(2); Foman v. Davis, 371 U.S. 178, 181-182. Plaintiffs respectfully request that this Court grant them leave to file the proposed Amended Complaint.

    Respectfully submitted this 9th day of July, 2021,

        DANIEL NOTESTEIN
        BLOCKTRADES INTERNATIONAL, LTD.
        ANDREW CHANEY
        SZYMON LAPINSKI
        ADAM DODSON
        ELMER LIN
        DANIEL HENSLEY
        MICHAEL WOLF
        MATHIEU GAGNON
        MARTIN LEES

        By:   s/Michelle C. F. Derrico_____
             Of Counsel

Michelle C. F. Derrico, Esq. (VSB 34037)
Richard L. Derrico, Esq. (VSB 33442)
Copenhaver, Ellett & Derrico
30 Franklin Road, SW, Suite 200
Roanoke, VA  24011
(540) 343-9349
(540) 342-9258 facsimile
michelle@cecd.roacoxmail.com
rick@cecd.roacoxmail.com
    Counsel for the Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Reply Memorandum in Support of Motion for Leave to File Amended Complaint was served via CM/ECF system, which will send notification of such filing all counsel of record, this 9th day of July, 2021.

                 _____/s/ Michelle C. F. Derrico_____
                        Of Counsel