IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DANIEL NOTESTEIN, <br> BLOCKTRADES INTERNATIONAL, LTD., <br> ANDREW CHANEY, <br> SZYMON LAPINSKI, <br> ADAM DODSON, <br> ELMER LIN, <br> DANIEL HENSLEY, <br> MICHAEL WOLF, <br> MATHIEU GAGNON, and <br> MARTIN LEES, <br><br> Plaintiffs, <br><br> v. <br><br> STEEMIT, INC., <br><br> Third-Party Defendant. | Case No. 7:20-cv-00342 |

## **AMENDED COMPLAINT AGAINST STEEMIT, INC.**

### **I.     Parties and Jurisdiction**

1.     Plaintiff Daniel Notestein is an individual who resides in the Western District of Virginia, in Blacksburg, Virginia. Daniel Notestein is the President of Plaintiff BlockTrades International, Ltd.

2.     Plaintiff BlockTrades International, Ltd. is a Cayman Islands corporation. Its principal place of business is Blacksburg, Virginia, within the Western District of Virginia.

3.     Plaintiff Andrew Chaney is an individual who resides in Baton Rouge, Louisiana.

4.     Plaintiff Szymon Lapinski is an individual who resides in Poland.

5.     Plaintiff Adam Dodson is an individual who resides in Australia.

6.     Plaintiff Elmer Lin is an individual who resides in the United Kingdom.

7. Plaintiff Daniel Hensley is an individual who resides in Mexico.

8. Plaintiff Michael Wolf is an individual who resides in Germany.

9. Plaintiff Mathieu Gagnon is an individual who resides in Canada.

10. Plaintiff Martin Lees is an individual who resides in France.

11. Defendant Steemit, Inc. is incorporated in Delaware. Its principal place of business is in Austin, Texas.

12. The amount in controversy is in excess of $75,000.00.

13. This Court has jurisdiction pursuant to 28 U.S.C. 1332.

## II. Statement of Claim

14. Plaintiffs are the owners of a number of cryptocurrency accounts for a currency known as "Steem" and "Steem Backed Dollars" (hereinafter referred to universally as "Steem"). The software for the Steem cryptocurrency was originally developed by a corporation called Steemit, Inc. ("Steemit"). On or about February of 2020, Steemit was purchased by TRON, a cryptocurrency platform.

15. The purchase of Steemit by TRON was controversial in the cryptocurrency community, and a number of account owners objected. On May 20, 2020, in retribution for those objections, Steemit wrongfully transferred the Steem in sixty five accounts to a single Steem account called "community321". The "community321" account was created by a company called AnonSteem. AnonSteem is a company that allows users to create accounts without revealing their identity.

16. On the same day of May 20, 2020, the Steem was transferred from the "community321" account to a Steem account owned by Bittrex, Inc. The transfer was accompanied by a request to return the Steem to their "original owners" of the cryptocurrency.

17. Beginning May 20, 2020, Plaintiffs provided Bittrex, Inc. with all requested information regarding ownership of the original Steem accounts. Documentation in full was complete as of May 21, 2020.

18. In spite of its receipt of proof of ownership, Bittrex, Inc. refused to release the Steem to its rightful owners. Bittrex, Inc. stated its intent to release the Steem only (a) pursuant to a final order of a court; (b) an order from law enforcement, or (c) a notarized agreement signed by all parties asserting a claim to the Steem.

19. Steemit made a claim of ownership to Plaintiffs' Steem. Steemit's claim lacked any lawful basis. Steemit has never had a colorable claim of right or entitlement to Plaintiffs' Steem.

20. In significant part due to the controversial purchase of Steemit by TRON, the value of Steem has plummeted. The Steem owned by the Plaintiffs collectively have decreased in value by approximately twenty five percent between May 20, 2020 and June 10, 2020, for a total loss to Plaintiffs in excess of $3,000,000.00.

## CLAIM FOR RELIEF
### (Conversion)

21. The Plaintiffs incorporate by reference their allegations in Paragraphs 1 through 20 above.

22. The actions of Steemit in exercising or assuming authority over the property of the Plaintiffs and making a false claim to that property constitute wrongful conversion. Steemit has caused significant financial loss to the Plaintiffs as proximate result of this conversion.

23. The actions of Steemit were intentional and/or malicious, and showed willful and wanton disregard for the property of the Plaintiffs. Accordingly, punitive damages are appropriate.

WHEREFORE, Plaintiffs that the Court enter judgment in their favor against Steemit in an amount not to exceed $9,000,000.00 plus $350,000.00 in punitive damages for each Plaintiff for the defendant's conduct along with prejudgment and post judgment interest and that the Plaintiffs receive such additional relief as the Court finds appropriate.

JURY TRIAL REQUESTED.

Respectfully submitted this 13th day of April, 2022.

                                              DANIEL L NOTESTEIN
                                              BLOCKTRADES INTERNATIONAL, LTD.
                                              ANDREW CHANEY
                                              SZYMON LAPINSKI
                                              ADAM DODSON
                                              ELMER LIN
                                              DANIEL HENSLEY
                                              MICHAEL WOLF
                                              MATHIEU GAGNON
                                              MARTIN LEES


By: /s/ Paul G. Beers
       Of Counsel

Paul G. Beers (VSB # 26725)
Glenn, Feldmann, Darby & Goodlatte
37 Campbell Avenue, S.W.
P.O. Box 2887
Roanoke, Virginia 24001-2887
Telephone: (540) 224-8000
Facsimile: (540) 224-8050
Email: pbeers@glennfeldmann.com

Counsel for Plaintiffs

## Certificate of Service

I hereby certify that on April 13, 2022, I electronically filed the foregoing Amended Complaint against Steemit, Inc., with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/Paul G. Beers
Paul G. Beers