UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DANIEL NOTESTEIN, BLOCKTRADES INTERNATIONAL, LTD., ANDREW CHANEY, SZYMON LAPINSKI, ADAM DODSON, ELMER LIN, DANIEL HENSLEY, MICHAEL WOLF, MATHIEU GAGNON, and MARTIN LEES,

   Plaintiffs/Counter-Defendants,

 v.

BITTREX, INC., and

   Defendant/Counter-Plaintiff,

STEEMIT, INC.,

   Defendant.

------------------------------------------------------

BITTREX, INC.,

   Cross-Plaintiff,

 v.

STEEMIT, INC.,

   Third-Party Defendant/Counter-Plaintiff.

------------------------------------------------------

STEEMIT, INC.,

   Cross-Plaintiff,

 v.

JOHN DOES 1-10,

   Third-Party Defendants.

Civil Action No.: 7:20CV00342

### STEEMIT, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' UNTIMELY JURY DEMAND

Defendant Steemit, Inc. ("Steemit"), by counsel, hereby submits this Reply Memorandum in Support of its Motion to Strike the untimely jury demand Plaintiffs/Counter-Defendants ("Plaintiffs") included in their Amended Complaint filed April 13, 2022 (the "Amended Complaint") (ECF No. 93).

### Argument

Rightful ownership of the Disputed Steem is the remaining issue in this case. The determinative *interpleader* pleadings have been set on that issue for nineteen months, and the Court will decide whether ownership lies with Steemit or Plaintiffs.

Plaintiffs asserted what became a superfluous conversion claim in their original June 2020 complaint and did so without demanding a jury trial. Defendant/Counter-Plaintiff Bittrex, Inc. ("Bittrex") responded by instituting the interpleader action. Both Plaintiffs and Steemit answered the interpleader complaint without demanding a jury. Steemit's answer, filed September 22, 2020, was the "last pleading directed to the issue" of the Disputed Steem's rightful ownership. Fed. R. Civ. P. 38(b)(1). Plaintiffs did not demand a jury trial within 14 days of Steemit serving that pleading. As such, Plaintiffs have waived their jury right under Rule 38 and cannot revive it now.

#### A. Plaintiffs Concede That There is No Jury Right in the Interpleader Action

This Court has previously held "that interpleader is 'fundamentally equitable.'" *Guardian Life Ins. Co. of Am. v. Spencer*, No. 5:10cv4, 2010 WL 3522131, at *3 n.3 (W.D. Va. Sept. 8, 2010); *see also Lincoln Nat'l Life Ins. Co. v. Steen*, No. 5:21cv42, 2021 WL 5049772, at *3 n.2 (W.D. Va. Nov. 1, 2021) ("Interpleader is an equitable remedy.") (quotation omitted).

Moreover, in opposition, Plaintiffs do not argue that they timely demanded a jury for the interpleader portion of this case. Instead, they suggest that Steemit misapprehends the interplay between Rules 7(a) and 38(b) of the Federal Rules of Civil Procedure, while acknowledging the obvious—that an answer to a complaint is a pleading—and that Steemit's September 22, 2020 answer responded to Bittrex's interpleader complaint. ECF No. 101 at 2. It is thus undisputed that Steemit's 2020 answer was the last pleading directed to the interpleader action and its issue—namely, rightful ownership of the Disputed Steem—and that Plaintiffs did not timely demand a jury trial.

The Court has accepted Bittrex's submission of this action to interpleader. Interpleader should proceed to a bench trial and should do so ahead of any other claims in the case, including Plaintiffs' conversion claim.

### B.  Plaintiffs Waived Their Jury Right on Their Conversion Claim

Plaintiffs' sole argument under Rule 38 is that they did not waive their jury right on their conversion claim, because the "last pleading directed to the issue" is Steemit's May 27, 2022 answer to Plaintiffs' Amended Complaint. That argument fails.

*First*, the Court granted Plaintiffs leave to file an amended complaint they had submitted in draft form, solely for the sake of asserting their conversion claim against Steemit as a substitute for Plaintiffs' "Doe" defendant. The draft amended complaint contained no jury demand. Having received leave to file one document, Plaintiffs filed a different document that included a jury demand. For that reason alone, the jury demand should be stricken.

*Second*, Plaintiffs have defied both the letter and spirit of Rule 38. The Rule states that the "last pleading directed to the issue" triggers a 14-day deadline to demand a jury. The operative language there is: the *issue*. If the last pleading directed to a *claim* was the rule, any

amended complaint asserting a new claim or a claim against a new party, even on identical facts and issues, would revive a right to demand a jury. That is not the law. *See Moyler v. Fannin*, No. 7:20cv28, 2022 WL 1307094, at *1-2 (W.D. Va. May 2, 2022) (a jury demand first made in an amended complaint may only be made with regard to new issues raised there); *Gamboa v. Med. Coll. of Hampton Rds.*, 160 F.R.D. 540, 542-43 (E.D. Va. 1995) (an amended complaint that does not change the issues before the Court but merely substitutes in a new defendant does not revive a waived right to demand a jury trial).

The *issue* in this case is not Plaintiffs' belated assertion of a redundant conversion claim against Steemit. Rather, the issue—the sole issue in need of resolution—is rightful ownership of the Disputed Steem. That issue ripened in September 2020, when Steemit filed its answer, and it has not changed since. Nor does the mere substitution of Steemit for Plaintiffs' Doe change the issue or work to resurrect a jury right long since waived. *Gamboa*, 160 F.R.D. at 542-43; *see also Jones v. Boyd*, 161 F.R.D. 48, 49 (E.D. Va. 1995).

If anything, denial of the belated request for a jury trial is more consistent with Rule 38's purpose. Plaintiffs have been aware that Steemit was an adverse claimant in interpleader since 2020. But rather than immediately seeking leave to amend their complaint to substitute Steemit for their John Doe and to assert a jury demand, they waited *nineteen months*, engaged in costly motion matters with respect to interpleader jurisdiction (which ultimately resolved in their disfavor), and otherwise sat on their rights as substantive matters were being addressed in this action. Only then did Plaintiffs finally decide to name Steemit as a defendant on their conversion claim. And after seeking and being provided leave by this Court to file one document, Plaintiffs filed another, in which they asserted a jury demand for the first time. Viewed through the lens of Rule 38's goal – to provide all parties clarity on an action's destination (judge or jury) once the

pleadings and issues are set – this sequence of events compels denial of Plaintiffs' request for a jury trial. *See Tech. & Supply Mgmt., LLC v. Johnson Controls Bldg. Automation Sys., LLC*, No. 1:16cv303, 2016 WL 9412456, at *2 (E.D. Va. Dec. 1, 2016) ("Rule 38 serves the important purpose of . . . eliminat[ing] any doubt" as to whether there will be a jury trial.).

### C. The Court Should Exercise Its Discretion to *Deny* Plaintiffs a Jury Trial

Plaintiffs argue in the alternative that even though they waived their jury right, the Court should exercise its discretion to grant them a jury trial under Rule 39(b). On this question, Courts within the Fourth Circuit are guided by four factors: (1) whether the issues are more appropriate for determination by a jury or a judge; (2) whether granting a jury trial would prejudice the opposing parties; (3) the timing of the request; and (4) any effect a jury trial would have on the court's docket and the orderly administration of justice. *Malbon v. Pa. Millers Mut. Ins. Co.*, 636 F.2d 936, 940 n.11 (4th Cir. 1980). These factors favor denial of Plaintiffs' belated request for a jury trial on their conversion claim.

*First,* this action raises novel and highly technical factual and legal questions pertaining to delegated proof of stake (DPoS) blockchain concepts, consensus governance, and a "hard fork" of the Steem blockchain – the answers to which will determine rightful ownership of the Disputed Steem – and are far better suited for a bench trial. *See Moyler*, 2022 WL 1307094, at *1 (agreeing "that the issues to be determined in this case are better suited for resolution by a judge"). *Second*, although this matter is in the pre-discovery stage, there is prejudice to Steemit as this action has been maintained for nineteen months as a bench trial. Litigants make earnest, strategic assessments about how they will litigate well before discovery commences, and that is especially true here, where the Court was grappling with a number of substantive issues over the course of the last year and a half. *Third*, the fact that Plaintiffs waited many "months" before

demanding a jury trial "weighs against ordering a jury trial" now. *Id. Finally*, interpleader is the driving aspect of this case and overlaps almost entirely with Plaintiffs' conversion claim (and will likely moot it). As the interpleader action will be decided by the Court – and should be decided first – the Court's docket and orderly administration of justice would be served by also having the Court decide the closely related conversion claim.

## Conclusion

For the foregoing reasons, the Court should grant Steemit's motion to strike and preclude a jury trial entirely in this case. At a minimum, the interpleader portion of the case should proceed first, without a jury, to a bench trial. Steemit hereby also requests a hearing on its motion to strike.

Dated:   June 14, 2022                    Respectfully submitted,

                                                        **STEEMIT, INC.**

By:  /s/ Michael J. Finney

Michael S. Dicke (Cal. Bar No. 158187)
*(admitted pro hac vice)*
Catherine Kevane (Cal. Bar No. 215501)
*(admitted pro hac vice)*
Jennifer C. Bretan (Cal. Bar. No. 233475)
(*admitted pro hac vice*)
Casey O'Neill (Cal. Bar No. 264406)
*(admitted pro hac vice)*
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94114
Telephone: (415) 875-2300
Fax: (415) 281-1350
mdicke@fenwick.com
ckevane@fenwick.com
jbretan@fenwick.com
coneill@fenwick.com

Michael J. Finney (VSB No. 78484)
GENTRY LOCKE
10 Franklin Road S.E., Suite 900
P.O. Box 40013
Roanoke, Virginia 24022-0013
Phone: (540) 983-9300
Fax: (540) 983-9400
finney@gentrylocke.com

*Counsel for Steemit, Inc.*

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June 2022, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which provided electronic service to all counsel of record.

                /s/ Michael J. Finney