IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DANIEL NOTESTEIN, BLOCKTRADES INTERNATIONAL, LTD., ANDREW CHANEY, SZYMON LAPINSKI, ADAM DODSON, ELMER LIN, DANIEL HENSLEY, MICHAEL WOLF, MATHIEU GAGNON, and MARTIN LEES, | ) ) ) ) ) ) ) | |
| Plaintiffs/Counter-Defendants, | ) ) ) | Civil Action No. 7:20-cv-00342 |
| v. | ) ) ) | By: Elizabeth K. Dillon |
| BITTREX, Inc., | ) ) | United States District Judge |
| Defendant/Counter-Plaintiff, | ) ) | |
| and | ) ) | |
| STEEMIT, Inc., | ) ) | |
| Defendant. | ) ) | |
| BITTREX, Inc., | ) ) | |
| Cross-Plaintiff, | ) ) | |
| v. | ) ) | |
| STEEMIT, Inc., | ) ) | |
| Third-Party Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This action relates to a dispute over the ownership of Steem cryptocurrency (Disputed Steem). Before the court are third-party defendant Steemit, Inc.'s motion to strike plaintiffs' jury demand (Dkt. No. 97) and plaintiffs' motion for a jury trial (Dkt. No. 100). The court held a

hearing on these motions on November 14, 2022. (Dkt. No. 108.) For the reasons stated below, Steemit's motion to strike will be granted and plaintiffs' motion for a jury trial will be denied.

## I.  BACKGROUND

For purposes of these motions, the court will focus on the procedural history relating to plaintiffs' request for a jury trial. Some of the background relating to this lawsuit can be found in a prior opinion. *See Notestein v. Bittrex, Inc.*, 2022 WL 972613 (W.D. Va. Mar. 30, 2022).

Plaintiffs filed their original complaint on June 16, 2020. (Dkt. No. 1.) It did not include a jury demand. Defendant Bittrex, Inc. answered and filed a counterclaim and third-party claim in interpleader. (Dkt. No. 7.) Plaintiffs answered and moved to dismiss Bittrex's interpleader counterclaim without making a jury demand. (Dkt. Nos. 16, 17.) On August 18, 2020, Bittrex amended its interpleader claim. (Dkt. No. 21.) Plaintiffs answered and moved to dismiss the amended interpleader claim, again without making a jury demand (Dkt Nos. 24, 25.) On September 22, 2020, Steemit, having been impleaded, answered the interpleader claim and asserted counterclaims and third-party claims without demanding a jury trial. (Dkt. No. 28.)

On June 14, 2021, plaintiffs moved for leave to file an amended complaint. (Dkt. No. 74.) The proposed amended complaint did not include a jury demand. (Dkt. No. 74-1.) On March 30, 2022, the court granted plaintiffs' motion for leave to file an amended complaint, but only to the extent plaintiffs sought to assert their pre-existing conversion claim against Steemit. (Dkt. Nos. 88, 89.) On April 13, 2022, plaintiffs filed their amended complaint pursuant to the court's grant of leave. (Dkt. No. 93.) However, unlike the proposed amended complaint attached to the motion for leave, the as-filed amended complaint included a jury demand.

## II.  ANALYSIS

**A.  Timeliness Under Rule 38**

Rule 38 preserves the right to a jury trial as established by the Seventh Amendment or as provided by a federal statute. Fed. R. Civ. P. 38(a). The rule provides that a party may demand a jury trial by "serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). Without a timely demand, a party waives its right to a jury trial. Fed. R. Civ. P. 38(d).

Steemit argues that its September 22, 2020 pleading was the "last pleading directed to the issue" of competing claims to rightful ownership of the Disputed Steem. Plaintiffs' amended complaint substituted Steemit for the "John Doe" that was named as a defendant in the original complaint's conversion claim. This does not restart the clock for plaintiffs to have made a timely jury demand. *See Gamboa v. Med. Coll. of Hampton Rds.*, 160 F.R.D. 540, 542–43 (E.D. Va. 1995) (an amended complaint that does not change the issues before the court but merely substitutes in a new defendant does not revive a waived right to demand a jury trial).

Plaintiffs do not dispute that interpleader actions are equitable claims for the court to decide. Instead, plaintiffs focus on their conversion claim against Steemit, arguing that the "last pleading directed to the issue" was Steemit's May 27, 2022 answer to plaintiffs' amended complaint. Plaintiffs' conversion claim, however, does not present a different issue than the interpleader claim; it also relates to ownership of the Disputed Steem. Substituting Steemit for a John Doe defendant does not change the analysis. *See Moyler v. Fannin*, Civil Action No. 7:20-cv-00028, 2022 WL 1307094, at *1 (W.D. Va. May 2, 2022) ("Because Moyler's amended complaint simply added certain defendants to the existing due process claim, it did not revive his

right to demand a trial by jury."). Therefore, the court finds that plaintiffs' jury demand is untimely and will be stricken.[1]

**B. Discretion Under Rule 39**

Even when a jury trial is not timely requested, the court retains the discretion to "order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). The court is guided by four factors: (1) whether the issues are more appropriate for determination by a jury or a judge; (2) whether granting a jury trial would prejudice the opposing parties; (3) the timing of the request; and (4) any effect a jury trial would have on the court's docket and on the orderly administration of justice. *Malbon v. Pa. Millers Mut. Ins. Co.*, 636 F.2d 936, 940 n.11 (4th Cir. 1980). The court has "broad discretion to grant or deny a motion under Rule 39(b)," and its decision is entitled to deference in the absence of exceptional circumstances. *Macsherry v. Sparrows Point, LLC*, 973 F.3d 212, 229 (4th Cir. 2020).

This matter involves novel and technical fact and law questions pertaining to delegated proof of stake blockchain concepts, consensus governance, and a "hard fork" of the Steem blockchain. These are more appropriate for the court to determine than a jury. Although this matter is in pre-discovery, Steemit has proceeded on a strategic assessment that this would be a bench trial. Plaintiffs' long delay in requesting a jury weighs against granting a jury trial. Finally, interpleader is the driving aspect of this case and would likely resolve or moot the conversion claim in any event. Accordingly, the court finds that the balance of relevant factors weighs against plaintiffs' request for a jury trial. *See, e.g., Moyler*, 2022 WL 1307094, at *1

---

[1] The court also finds that plaintiffs' failure to include the jury demand in the proposed amended complaint and subsequent inclusion of the jury demand in a later version that was docketed and filed was improper and provides an independent justification to strike the jury demand.

4

(denying Rule 39 motion because of lengthy delay in making jury request and because "the issues to be determined in this case are better suited for resolution by a judge than a jury").

At the hearing, plaintiffs cited a recent case granting a Rule 39 motion. *Mitchell v. Am. Elec. Power*, Civil Action No. 2:21-cv-00614, 2022 WL 2292287 (S.D.W. Va. June 24, 2022). *Mitchell* is distinguishable from the instant case because the court in *Mitchell* found the claims in the case were "fact intensive and can readily be analyzed by a jury." *Id.* at *2. The court also found minimal prejudice because while the plaintiffs did not expressly include a jury demand in their complaint, plaintiffs checked that designation on the Civil Cover Sheet and submitted proposed jury instructions on the due date for exchanging jury instructions in the report of the parties' planning meeting. *Id.* The oversight was noticed six months before trial, which the court considered sufficient time for the defendant to alter its strategy. *Id.* In *Mitchell*, unlike this case, there was clear intent to demand a jury trial, no evidence of bad faith, minimal prejudice to defendant, and ample ways to minimize any prejudice.

### III.  CONCLUSION

For the foregoing reasons, it is HEREBY ORDERED that Steemit's motion to strike (Dkt. No. 97) is GRANTED and plaintiffs' motion for a trial by jury (Dkt. No. 100) is DENIED. The clerk of court is directed to transmit a copy of this opinion and order to all counsel of record.

Entered: November 28, 2022.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge